ALBERT M. BEERS vs. MINNA A. WARDWELL.

Middlesex.   December 10, 1907. — March 9, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Practice, Civil*, Auditor's report, Inferences by judge from auditor's report.   *Wagering Contract.   Evidence*, Presumptions and burden of proof.   *Contract*, Validity.

Where the only evidence introduced at the trial of an action before a judge without a jury is the report of an auditor to whom the case had been referred, the judge may draw such inferences from the statements in the report as they fairly warrant, even if the inferences so drawn are contrary to the conclusions of the auditor.

At the trial before a judge without a jury of an action of contract to recover under R. L. c. 99, § 4, sums paid by the plaintiff to the defendant under contracts to buy and sell upon margins certain shares of the capital stock of corporations, the only evidence introduced was the report of an auditor to whom the case had been referred.   The auditor found that the plaintiff carried on business as the Commercial Stock Company, and had two offices in Boston, one on Tremont Street and the other on Congress Street, the two being connected by telephone, that the transactions described in the declaration took place in the Tremont Street office, which "was fitted up with all the paraphernalia of a broker's office."   The auditor's description of the method of dealings between the plaintiff and the defendant accorded with the method of dealings between a stockbroker and his customer, but he found that the buying and selling were wholly fictitious and understood to be so by both parties, and that the plaintiff "was not a broker and did not undertake to act as such in these transactions."   The judge refused to rule that there "was nothing in the auditor's report to warrant the court in finding that the plaintiff acted as a broker in the sense of being employed by the defendant to make the transactions alleged in the declaration." *Held*, that the inference drawn by the judge from the facts stated in the report, although contrary to the conclusion of the auditor, was warranted.

A broker cannot recover under R. L. c. 99, § 4, sums paid by him to a customer as "gains on trades" in shares of the capital stock of various corporations, where such "trades" were, by agreement between the broker and his customer, wholly fictitious, and the calculation of the sum called the "gain" on a designated stock was based upon the amount which the market value of such stock, at the time the "account" as to that stock was "closed" between the broker and the defendant, exceeded its market value at the time when the "account" was "opened," since such transactions are a species of gambling or wagering contracts, alike prohibited at common law and by statute.

CONTRACT.   Writ in the Superior Court for the county of Middlesex dated March 8, 1905.

The third count of the declaration was as follows: " And the plaintiff says that at divers times . . . the plaintiff contracted

with the defendant to buy and the defendant contracted with the plaintiff to sell certain securities enumerated in the account hereto annexed marked ' B ' and being the securities the tickets for which are in said account alleged as bearing odd numbers and also that the plaintiff then and there contracted with the defendant to sell and the defendant with the plaintiff to buy certain other securities also enumerated in said account and being the securities the tickets for which are in said account alleged as bearing even numbers, the plaintiff at the time of each such contract intending that there should be no actual purchase or sale and the defendant, the other party to each of such contracts, having reasonable cause to believe that such intention existed and not making in accordance with the terms of any of said contracts an actual purchase or sale of any of said securities; and the plaintiff further says that on or about the dates appearing in said account hereto annexed he paid the defendant on account of said contracts $1,189.16 according to said account hereto annexed, which sum the plaintiff says the defendant accordingly owes him according to the account hereto annexed and marked ' B,' with interest thereon, recovery being sought under sections 4, 5 and 6 of Chapter 99 of Revised Laws of this Commonwealth within which all said transactions were had." The " account annexed and marked ' B ' " contained one hundred and sixty-five items, each of which enumerated a transaction such as stated in the count, and ended with the words "gain on trade," and a certain amount in figures.

The case was referred to an auditor who filed a report. The statements in his report with regard to the nature of the plaintiff's business were in substance as follows : The plaintiff carried on business as the Commercial Stock Company. He had a place of business at 131 Tremont Street in Boston which " was fitted up with all the paraphernalia of a broker's office," and was in charge of one Emerson, who acted as manager for the plaintiff, and a Mrs. Ida B. Crosby was employed there as a clerk. He also had an office at 24 Congress Street, which was connected by telephone with the Tremont Street office. When any orders were given at the Tremont Street office, they were transmitted by telephone to the Congress Street office and, if " filled," slips were made out therefor at the Tremont Street office and given

to the customer. " The defendant asked me to find that the plaintiff was a stockbroker and acted as such in these transactions ; but I find that he was not a broker and did not undertake to act as such in these transactions."

The statements in the report with regard to the transactions described in the third count were as follows: " The transactions referred to in the third count were for the purchase and sale of various stocks where the defendant had put up a margin in each case. When these various contracts were closed, the plaintiff figured up the amount due on each in accordance with the account marked ' B ' annexed to his declaration, and would be entitled to recover the same if these were actual transactions, or if they came within the statutes hereinafter referred to. I find that the plaintiff at the time of each transaction intended that there should be no actual purchase or sale, and that the defendant had reasonable cause to believe that such intention existed ; and I also find that in no case was any actual purchase or sale or valid contract therefor made between the parties ; that neither party owned the securities at the time, and that all settlements were made without the completion of any purchase or sale."

Other findings of the auditor are stated in the opinion.

There was a trial before *Sherman*, J., without a jury. The only evidence was the auditor's report. The plaintiff requested rulings as follows: (1) As a matter of law, upon the facts found by the auditor, the plaintiff is entitled to judgment. (2) The findings of the auditor bring the plaintiff's case as set forth in the third count of his declaration within R. L. c. 99, § 4. (3) The findings of the auditor bring the plaintiff's case as set forth in the third count of his declaration within R. L. c. 99, § 4, cl. 1. (4) There is nothing in the auditor's report to warrant the court in finding that the plaintiff acted as a broker in the sense of being employed by the defendant to make the transactions alleged in the third count of his declaration. The presiding judge refused to rule as requested and found for the defendant. The plaintiff alleged exceptions.

*F. H. Noyes*, for the plaintiff.

*J. G. Robinson*, for the defendant.

BRALEY, J. In the trial of the case before a judge without

a jury, the only evidence introduced was an auditor's report, and the question is whether, as matter of law, the judge was required to find for the plaintiff. The auditor having come to no final decision in favor of either party, but only having found and reported the facts, it was competent for the, judge to draw such inferences from the statements in the report as they fairly would warrant, even if contrary to some of the auditor's conclusions. *Wirth* v. *Kuehn,* 191 Mass. 51, 53, and cases cited.

By a waiver of the first and second counts, the case was tried upon the third count, which alleged that the plaintiff entered into a contract with the defendant whereby they mutually agreed that he was to buy and she was to sell certain shares of the capital stock of the corporations named in the report, with an account annexed for " gains on trades," or the value of his services rendered in performance of the agreement. · But, even if the contract was as alleged, the auditor finds that the transactions referred to were for the purchase and sale of these shares upon margins; and, further, he states that the parties mutually intended that there should be no actual purchase and sale of the stocks, but only an adjustment of the account by a settlement of differences between the price at which the stocks could have been bought when the order to buy was given, and the price at which the stocks were selling when the speculation was ordered closed. The judge well might find from the recitals in the report that throughout the plaintiff dealt as a stockbroker with the defendant as a customer, and that, as no stocks were actually bought or sold, the transaction was purely fictitious. The buying and selling of values under such an agreement is founded upon the anticipated price for which each particular stock may in the future be sold in open market, and does not at any time contemplate the actual purchase or sale of stocks as such, or the buying and retaining of them for the purpose of receiving a possible increase in their market value. It is merely a species of gambling, or a wagering contract, alike prohibited at common law and by statute. *Barnes* v. *Smith,* 159 Mass. 344, 346. *Wakefield* v. *Farnum,* 170 Mass. 422. *Lyons* v. *Coe,* 177 Mass. 382, 383. R. L. c. 99, § 4. The plaintiff having purposely entered into a contract which, being against public policy, was illegal and void, can-

not recover either the "gains" or a commission for his services, and his requests were rightly refused. *Harvey* v. *Merrill*, 150 Mass. 1, 11.

*Exceptions overruled.*