WALTER M. FISHER & another *vs.* ORESTES T. DOE.

Suffolk. November 8, 1909. — January 5, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Ordering verdict, Auditor's report, Arrest of judgment. *Evidence,* Presumptions and burden of proof, Auditor's report. *Pleading, Civil,* Answer, Declaration.

An auditor, to whom was referred an action of contract upon an account annexed for labor performed and materials furnished to the defendant by one G., the assignor of the plaintiff, in his report stated in substance that the labor was performed and the materials were furnished by G. to the defendant but for an entire sum and under a special contract, which had been performed, and "under the declaration" he found for the defendant. After the filing of the report, the plaintiff amended his declaration so that it stated an account based on the special contract. At the trial of the case, the plaintiff introduced the auditor's report in evidence and both parties rested, and the defendant asked the presiding judge to order a verdict for him. The presiding judge refused to do so. *Held,* that the refusal was proper, since it would have been unjust to follow the technical finding of the auditor to a result utterly at variance with the substance of his conclusions, when the technical difficulty upon which alone it was based had been removed.

A defendant in an action of contract upon an account annexed for labor performed and materials furnished may rely upon the defense that the labor was performed and the materials were furnished under a special contract for an entire sum, and not as stated in the account annexed to the declaration, without having set up such a defense specifically in his answer.

Where an action of contract upon an account annexed for labor performed and materials furnished in the construction of a building, in which the answer contains a general denial and an allegation of payment, is referred to an auditor under an order directing him " to hear the parties, to examine their vouchers and evidence, to state the accounts, and make report thereof to the court," it is proper for the auditor to hear evidence and make full findings in his report both as to the state of the account between the parties and as to a contention of the defendant that the labor was performed and the materials were furnished under a special contract, although he may be satisfied that such contention of the defendant is well founded, so that, while he finds a balance due to the plaintiff on the basis of the special contract, he must on the pleadings find for the defendant.

In an action of contract by a contractor against the owner of a building for a balance alleged to be due the plaintiff on a special contract for the performance of labor and furnishing of materials in constructing the building, which contract has been fully performed by the plaintiff, he may declare either on the contract or upon a general count.

Statement by RUGG, J., of the proper methods of raising at a hearing before an auditor objections based upon a technical adherence to the issues stated in the pleadings.

Statement by RUGG, J., of the duties of an auditor where at the hearing before him the whole cause of action which is the subject of controversy is inquired into without objection by either party, and he then discovers that the pleadings are not framed to meet precisely the facts which he finds, and the pleadings are not amended before he files his report.

An auditor, to whom was referred an action of contract upon an account annexed for labor performed and materials furnished in the construction of a building by one who had assigned the account to the plaintiff, the answer in the action being a general denial and alleging payment of the account, and the order of reference directing him " to hear the parties, to examine their vouchers and evidence, to state the accounts and make report thereof to the court," without objection from either party inquired into the whole cause of action, in his report stated the account between the parties, and, being satisfied that the plaintiff's assignor had performed the labor and furnished the material under a special contract, so found and, the declaration not having been amended, stated that " under the declaration," he found for the defendant. There was no motion to recommit the report, but a motion by the plaintiff to amend his declaration so as to avoid the technical objection raised by the auditor was allowed. At the trial of the case before a jury, the plaintiff introduced the auditor's report in evidence and both parties rested, the defendant contending that, the declaration having been amended since the filing of the auditor's report, the report was not *prima facie* evidence of conclusions reached by the auditor on the pleadings. *Held*, that the stating of the account by the auditor was within the scope of the reference to him, and therefore, it being apparent that but for the technical objection, the grounds for which had been removed by the amendment, the auditor would have found for the plaintiff, the report was *prima facie* evidence of the conclusions of fact reached by the auditor.

The report of an auditor, to whom has been referred an action of contract upon an account annexed, should be dealt with, at the subsequent.trial of the action, upon its recital of testimony and findings of fact. Its soundness and character as evidence cannot be affected by erroneous rulings of law upon the facts found.

*It seems*, that if the conclusion of the report of an auditor, to whom was referred an action of contract upon an account annexed, is in substance a ruling of law which is erroneous, and if upon the other parts of the report it is plain that the ruling should have been in favor of the party against whom the auditor found, the report, in respect to such findings as are the basis of the conclusion that should have been reached, possesses its *prima facie* character as evidence, and, if there is no other evidence in the case, a verdict properly may be directed contrary to the erroneous ruling of law of the auditor and in conformity with his findings of fact.

Where the report of an auditor, to whom was referred an action of contract upon an account annexed, states facts which would warrant more than one inference of fact, the jury before whom the case subsequently is tried may draw a different inference from that drawn by the auditor, and therefore, although no other evidence than the report is introduced at the trial, a verdict should not be directed in accordance with the conclusions of the auditor, but the jury should be permitted to make from the facts found in the report such deductions as seem to them reasonable.

A judgment in an action of contract will not be arrested by reason of matters which, if they existed at all, existed before verdict and might have been pleaded but were not.

Rugg, J.   This is an action of contract growing out of the construction of a house for the defendant.   The plaintiffs are dealers in lumber, who furnished a substantial part of the materials for the house.   The trial was along technical lines and it is therefore necessary to state the proceedings in some detail.

The plaintiffs brought two actions.   The only part of the declaration in the first action now material was a count upon an account annexed for certain lumber sold to the defendant.   The answer among other defenses set up a general denial.   The original declaration in the second or present action contained a single count, also upon an account annexed, for labor and materials furnished to the defendant by one Grant, and by him assigned to the plaintiffs.   The answer set up a general denial, payment, and the pendency of the first action, wherein " the first 262 items " of the account annexed to its declaration were " the same and identical with the first 262 items of the declaration in the present action."

In this state of the pleadings, both causes were referred to an auditor,* who filed one report covering the issues in both cases. He found for the plaintiffs in the first action for the amount claimed.   This was a finding in effect that the defendant was originally responsible for the materials furnished by the plaintiffs for the defendant's house.   The report also stated, among other facts respecting the present action, that the defendant and Grant made an oral contract for furnishing the labor and materials for, and for constructing, the house for the entire price of $4,450, and that for extras Grant was entitled to $350 in addition, making a total of $4,800, and that the defendant was entitled to credits aggregating $4,402.94, leaving a balance due of $397.06, and that under the declaration the plaintiffs were not entitled to recover, and for this reason concluded with a general finding for the defendant.

After the filing of the report, the plaintiffs amended their declaration in the second or present action by adding another count with an account annexed precisely in the form stated by the auditor, showing a balance due of $397.06.   Thereafter both cases came on to be tried together in the Superior Court.†   Evi-

* C. H. Cooper, Esquire.

† Before *Lawton,* J.

dence was introduced in the first action and the jury found for the plaintiffs for approximately the sum reported by the auditor. In the present case, the plaintiffs waived their first count and relied on that set out in the amendment. The only evidence proffered was the auditor's report and both sides rested. The presiding judge directed a verdict for the plaintiffs for $397.06. The defendant's exceptions relate to this ruling and to the refusal by the presiding judge to direct a verdict in his favor.

1. The judge acted rightly in not directing a verdict in favor of the defendant. The auditor's report plainly showed that his finding against the plaintiffs was based, not upon the merits, but solely upon a defect in the pleadings. This had been remedied by an amendment filed before the trial. It would have been unjust to follow the technical finding of the auditor to a result utterly at variance with the substance of his conclusions, when the technical difficulty upon which alone it was based had been removed.

2. The more difficult question is whether the trial court was justified in directing a verdict for the plaintiffs. This involves consideration from two points of view.

When the case was referred to the auditor, the only claim set out in the plaintiffs' declaration was that upon an account annexed for a large number of items of materials and labor furnished. It was not based upon the theory of a special contract for the construction of the house for a definite price. It may be inferred that one of the defenses interposed was the existence of this special contract. The defendant had not pleaded such a contract, but it was not necessary for him to do so. It was open to him to disprove the account annexed alleged by the plaintiffs by showing that the whole subject was covered by a special contract of a different character. This issue was raised by the pleadings as they then stood. *McDonald* v. *Sargent*, 171 Mass. 492. *West End Manuf. Co.* v. *Warren Co.* 198 Mass. 320, 324. *Wylie* v. *Marinofsky*, 201 Mass. 583, 584. Hence it was plainly the duty of the auditor to hear all the evidence and make a finding touching this subject. The defendant having pleaded payment, it was also within the auditor's province to ascertain whether there was anything due. If the evidence had brought his mind to the conclusion not only that there was a

special contract, but that the amount due under it had been paid in full, the defendant was entitled to a finding to this effect and upon the pleadings he would have secured a finding in his favor. He was equally entitled to a finding which should show by its items the partial extent to which his defense of payment had been substantiated. The report of the auditor in this respect was within the scope of the reference to him. The subjects investigated and reported were either directly involved or incidentally pertinent to the issues and necessary for their intelligent solution. *Corbett* v. *Greenlaw,* 117 Mass. 167. As the plaintiffs had not pleaded the special contract, however, the auditor could not find in their favor for the balance due, but was compelled to make his general finding for the defendant.

After the coming in of the auditor's report, the plaintiffs filed an amendment to their declaration. They did not then in express terms plead the special contract, but set up by an account annexed the exact items reported by the auditor, one of which was the contract price. As the contract had been performed, according to the auditor's finding, before the commencement of the action and nothing remained but the payment of money, this was not open to objection. They could declare either on the contract or on a general count. *Morse* v. *Sherman,* 106 Mass. 430. *Quin* v. *Bay State Distilling Co.* 171 Mass. 283, 291. The pleadings then conformed to the auditor's report. No objection was made to the allowance of the amendment and no question of law is open upon it. *Beers* v. *McGinnis,* 191 Mass. 279, 282.

The other aspect of the question is whether under these circumstances the auditor's report justified the direction of a verdict in favor of the plaintiffs. It is urged by the defendant that as the special contract had not been pleaded, the report of the auditor did not conform to the order appointing him,* and, the amendment to the declaration having been filed after the coming in of the auditor's report, it was not *prima facie* evi-

---

* The order of reference was in the usual form and directed the auditor "to hear the parties, to examine their vouchers and evidence, to state the accounts, and make report thereof to the court."

dence of the conclusions reached. R. L. c. 165, § 55. *Snowling* v. *Plummer Granite Co.* 108 Mass. 100. *Flint* v. *Hubbard,* 1 Allen, 252. We are not inclined to support this contention. If parties choose to pursue a technical adherence to the issues raised by the pleadings in a trial before an auditor, it is their duty to object to the admission of evidence which is not strictly competent, and to found upon any error in dealing with such suggestion a motion to recommit to the auditor, or to address the discretion of the auditor to so frame the report as to disclose the points raised, or to move the court after the report is filed to strike from it such matters as are not germane to the issues, or at the time of the trial to instruct the jury to disregard them, or to protect his rights possibly in some other way. *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320. But where the auditor apparently without objection from any quarter inquires into the whole cause of action which is the subject of dispute and discovers that the pleadings have not been framed to meet precisely the facts as found, justice does not require that he close his eyes to the truth as he sees it and report solely upon a question of pleading. He should file a complete report and then the parties by amendment may put themselves in a position to assert their real rights. It would be better practice to perfect the pleadings before the conclusion of the hearings, but this is not essential. Of course the auditor should not proceed with a hearing outside the strict issue, if seasonable and insistent objection is made, and error of the auditor in doing so can be guarded against by motion to recommit the report or to strike out or disregard any improper part of it. Not infrequently amendments have been allowed for the purpose of conforming the pleadings to the findings of the auditor, touching the cause of action in issue. *Washington County Ins. Co.* v. *Dawes,* 6 Gray, 376. *Looney* v. *Looney,* 116 Mass. 283. *Electric Supply & Maintenance Co.* v. *Conway Electric Light & Power Co.* 186 Mass. 449, 453.

In the absence of any motion to recommit the auditor's report or any objection to its admission in evidence, it must be assumed that the trial judge was satisfied that there was a fair trial before the auditor upon such issues as were raised upon the pleadings as they stood at the trial. This issue was the single one raised by the amended declaration as to the special con-

tract, for, as stated in the exceptions, " the plaintiffs offered no evidence and did not ask for a verdict upon their first count."

The defendant further urges that, because the conclusion of the report is a finding in his favor, a verdict could not have been directed for the other party. But this finding for the defendant was a mere ruling of law. It was no part of the facts found. A report is to be dealt with upon its recital of testimony and findings of fact. Its soundness and character as evidence in these particulars may not be in any degree affected by erroneous rulings of law. If the conclusion of the report in favor of one side is in substance a ruling of law, which is wrong, and upon the other parts of the report it is plain that the ruling should have been in favor of the other side, the report in these respects possesses its *prima facie* character as evidence and, if there is no other evidence in the case, a verdict may properly be directed contrary to the ruling of the auditor on matter of law and in conformity to his findings of fact.

The auditor's report was therefore *prima facie* evidence of the account and balance due. It required a verdict for the plaintiffs unless it was controlled either by facts appearing in the report or evidence outside it. *Anderson* v. *Metropolitan Stock Exchange,* 191 Mass. 117, 121. There was here no evidence outside the report. This report does not purport to recite all the evidence or state the facts upon which the finding of the existence of a contract was based. But the report is a single one, covering both cases. Whatever there is in it throwing any light upon the present action is to be considered. In effect, the auditor found that Grant had performed his contract, because in the account, which he states, Grant is given credit for the full contract price. The contract price included the lumber for the building. It was open to argument that the report in that part relating to the first action showed that Grant had not performed his contract in this action, in that he had not furnished the lumber but that because of his bad credit the plaintiffs refused to let him have the lumber and required an original agreement by the defendant to pay for it. Another argument in support of this position might have been grounded on the auditor's further findings that " Grant ordered all materials for the house in the defendant's name. He kept no account of

the lumber that went into the house." The report as a whole might have been found susceptible of the interpretation that by its terms the defendant was found liable to pay, in the plaintiffs' direct action against him, for all the lumber that went into the house and, in the action brought by them as assignees of Grant, liable for the same lumber so far as included in the contract with Grant. If this should be found to be so, then Grant had not performed the contract to the extent of furnishing the lumber, and hence would not be entitled to recover the full contract price. Therefore the report shows such circumstances and facts as might support a conclusion different from that reached by the auditor. Where facts enough appear on the face of the auditor's report to warrant more than one inference, it is open to the court or jury to draw a different one from that of the auditor. *Beers* v. *Wardwell*, 198 Mass. 236, 239. *Wirth* v. *Kuehn*, 191 Mass. 51. *Connolly* v. *Sullivan*, 173 Mass. 1. It follows that there was error in directing a verdict for the plaintiffs. The jury should have been permitted to make the deduction which seemed to them reasonable from all the pertinent facts of the auditor's report.

3. The verdict having been rendered by the jury and judgment entered for the amount found due by the auditor in the first action for the lumber furnished by them directly to the defendant, the latter paid the amount of the judgment and filed a motion in arrest of judgment in the present case based upon this fact.* As the exceptions must be sustained, it in not necessary to discuss this point further than to say that the subject matter set out in the motion, namely, the defendant's primary liability to the plaintiffs, was in existence before the verdict

---

* The defendant's contention was that he made an entire contract with Grant to furnish labor and materials for the construction of the house for $4,450 with $350 for extras ; that on this total sum of $4,800 he had paid Grant $4,101.30, and according to the auditor should be allowed $301.64 more, or a total of $4,402.94; that, after satisfying the judgment of $947.60 in the first action, which was for lumber furnished for the same building, he had paid and should be credited with a total of $5,350.54 on an original liability of $4,800, and therefore owed nothing in the second action ; and that he "was unable in any way to take advantage of his rights as above set forth until after both said verdicts were rendered."

and might have been pleaded. Therefore it cannot serve as cause for motion to stay judgment. R. L. c. 173, § 118.

*Exceptions sustained.*

The case was submitted on briefs.

*H. T. Richardson,* for the defendant.

*W. M. Noble, A. S. Davis & W. C. Stone,* for the plaintiffs.