JACKSON AND NEWTON COMPANY *vs.* SAMUEL A. FULLER.

SAME *vs.* SAME.

Suffolk.     March 15, 1917. — April 6, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil*, Auditor's report. *Witness*, Impeachment.

Where at the trial of an action at law an auditor's report is offered in evidence, if one of the parties objects to certain findings of the auditor, he has no right to ask to have these portions of the report excluded or stricken out, as the report must be admitted as it stands or not at all, and his proper remedy, if the report contains objectionable matter, is to move to have it recommitted to the auditor for change or modification.

The testimony of a witness cannot be impeached by evidence of his general reputation "for honesty and veracity." The proper inquiry for that purpose is in regard to the witness's reputation for truth and veracity.

Where an auditor's report has been admitted in evidence at a trial, the credibility of a witness who testified before the auditor cannot be impeached by evidence of his bad reputation as to truth and veracity introduced at the trial at which he has not testified.

TWO ACTIONS OF CONTRACT, the first on a promissory note and the second on an account annexed for the price of window frames, doors, door frames, blinds, mouldings, sheathings, stair rails, base boards, cleats and other like things. Writs dated June 12, 1913.

In the Superior Court the cases were tried together before *Lawton, J.* The plaintiff offered in evidence the report of an auditor in favor of the plaintiff. The exception of the defendant to the admission of portions of the auditor's report as well as other ex-

ceptions of the defendant are stated in the opinion. The judge admitted in evidence the whole of the auditor's report. Evidence was introduced by the defendant at the trial.

"The defendant asked to be allowed to put in evidence to show that the general reputation for honesty and veracity" of the witness Donkin, mentioned in the opinion as having testified before the auditor, was bad. The judge refused to allow this, and the defendant excepted.

The defendant asked the judge to give the following instructions:

"6. As bearing on the entries on plaintiff's books and sale slips (with reference to the defendant guaranteeing Donkin's account) the jury may take into consideration the contents of plaintiff's letters to the defendant dated February 24th and 26th, 1913, wherein it states: 'From our standpoint, it looks as though the goods were used in your houses and that you should pay,' and give it such weight as they think it is entitled to."

"13. The plaintiff, not being a party to the contract annexed to the auditor's report, cannot take advantage of it. That contract did not inure to the plaintiff's benefit, and it was improperly and erroneously admitted in evidence by the auditor and annexed to his report.

"14. If the jury find, as a fact, that any of the findings of the auditor is based on the contract annexed to his report, then I charge you that you are to disregard such findings *in toto* unless you find, as a fact, that such findings are supported by other competent evidence."

The contract referred to in the thirteenth and fourteenth requests and the judge's instructions on the subject are described in the opinion.

The jury returned verdicts for the plaintiff in both cases, in the first case in the sum of $263.63 and in the second case in the sum of $433.16. The defendant alleged exceptions.

*S. A. Fuller & C. Toye,* for the defendant, submitted a brief.

*L. S. Thierry,* for the plaintiff.

CARROLL, J. One of these actions is to recover upon a promissory note; the other is for goods sold and delivered. The cases were tried before an auditor who found for the plaintiff. In the Superior Court the defendant objected to certain findings of the auditor and to their introduction in evidence. The judge per-

mitted the whole report to be read to the jury. There was no error in this ruling. Ordinarily if either party objects to the report, a motion should be made to recommit it to the auditor for change or modification; otherwise the entire report is received. *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320. *Fisher* v. *Doe*, 204 Mass. 34, 39.

One Donkin, who was not a witness at the trial before the jury, had testified before the auditor. The defendant asked to be allowed to put in evidence that his general reputation "for honesty and veracity" was bad. This evidence was not competent; but, even if the question had asked for Donkin's reputation for truth and veracity, it would have been incompetent. The credibility of a witness may be impeached by showing that his reputation for truth and veracity is bad, but the credibility of one who is not a witness at the trial cannot be so impeached, although he testified at the former hearing before the auditor.

The plaintiff asked a witness, called by the defendant, whether any lumber was sold to the defendant to be used on two of the houses in question; he introduced evidence showing that the defendant purchased the hardware used in the erection of the houses; and the defendant admitted he purchased all the hardware. This evidence was excepted to by the defendant. It was properly admitted. It tended to show that Donkin was not acting as the owner of the property, but as Fuller's agent; and that Fuller in fact was the owner of the houses.

The letters of November 1, January 8 and January 13 from the plaintiff to the defendant were excepted to. The letter of November 1 was written before the note in suit was given. It refers to the enclosed statement and asks for a check or thirty days' note. As bearing on the consideration of the note this letter was admissible. No harm was done the defendant by the letters of January 8 and January 13, even if they were inadmissible, which we do not intimate, especially in view of the defendant's own evidence, that after giving the note the plaintiff demanded of him the amount due on the account annexed, and the defendant's letter of January 8, wherein he denied responsibility for the materials furnished, except as paid for by the promissory note, and asserted that Donkin was the principal.

The defendant's sixth request was based on a certain detached

portion of the evidence which the judge was not required to give. A contract in writing between Helen P. Foster and S. Isabella Fuller, relating to a lot of land in Watertown, was in evidence before the auditor. Helen P. Foster was a sister-in-law of Donkin, and S. Isabella Fuller was the wife of the defendant. The judge fully instructed the jury that the relations between Fuller and Donkin were of no importance except as bearing on the question of agency; that the ownership of the houses was in itself of no importance except as throwing light on the question as to whether Donkin was or was not Fuller's agent. The eighth request was waived.

The thirteenth and fourteenth requests were refused properly.

*Exceptions overruled.*