LUNN AND SWEET COMPANY *vs.* NATHAN WOLFMAN &
another.

SAME *vs.* SAME.

Suffolk.    December 4, 1928. — September 10, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* What constitutes. *Law of the Case. Practice, Civil,* Auditor:
rulings as to evidence, findings, recommittal; Rules of court; Rescript
from Supreme Judicial Court. *Rules of Court. Evidence,* Compe-
tency, Of state of mind.

This court, upon a report by a judge of the Superior Court of an action
by a Delaware corporation for alleged breach of a contract in writing
by the defendant to purchase shoes, determined that the trial judge
had erred in ruling that a contract, signed by an agent of the plaintiff
but in the name of a Maine corporation which the plaintiff had suc-
ceeded, was not the contract of the plaintiff, and held that there was
evidence at the trial that the contract was the contract of the plain-
tiff; and the action was remanded "to the Superior Court for the
determination of the question, whether the contract was made by the
plaintiff and defendant, as an issue of fact, and for the entry of such
judgment as may be required by the finding." That issue then was
referred to an auditor, the parties agreeing and the court ordering that
his findings of fact should be final. The auditor heard one witness
orally and by agreement of the parties also received as evidence a
transcript of the evidence at the former trial of the action, and found
"that the contract here in question was made by the plaintiff and the
defendant." A motion by the defendant that the report be recom-
mitted on several grounds was denied and a motion by the plaintiff
for judgment on the report was allowed. The defendant alleged
exceptions. No evidence was reported. *Held,* that
    (1) The earlier decision of this court in the same action, that there
was evidence which would support a finding as matter of fact that the
plaintiff was a party to the written contract, was the law of the case
binding absolutely upon every tribunal and magistrate dealing with
the case;
    (2) Further trial of the case was confined to the single issue,
whether as matter of fact the plaintiff was such party;
    (3) Under the agreement of the parties and the rule to the auditor,
his findings of fact upon that issue were final and conclusive unless
tainted in some material particular by error of law;
    (4) Certain grounds for the defendant's motion to recommit the
report to the auditor which were, in substance, that the auditor had

made erroneous findings of fact and should have made other and different findings of fact brought no question of law to this court: in the circumstances, it was not the province of this court to review and revise the auditor's findings of fact;

(5) Under the rule to the auditor and in the circumstances, a contention that the report should be recommitted to the auditor with an order requiring him to report requests for rulings of law presented to him properly was overruled;

(6) It was proper for the auditor to admit testimony by the agent of the plaintiff who had signed to the contract the name of the defendant's predecessor, the Maine corporation, instead of the plaintiff's name, to the effect that, at the time of signing the contract in behalf of the corporation, he did not notice that the name of the Maine corporation had been used in the draft contract and that at the time of making the contract he acted for the new corporation: the agent's state of mind in the circumstances was competent evidence to show that he acted for the plaintiff and for no one else;

(7) Subsidiary findings by the auditor, "The . . . [plaintiff] has since October 1, 1919, carried on the same business as that of the Maine corporation and at the same place, Auburn, Maine. On October 1, 1919, the directors of the . . . [plaintiff] voted as follows: — 'To continue the business of the . . . [Maine corporation] through the acquisition and ownership of its capital stock, in the name and account of that corporation until the end of its current fiscal year, November 30, 1919.' The Maine corporation continued in existence and is still in existence," did not as a matter of law prevent nor make erroneous the auditor's ultimate conclusion that the contract in suit, which was made on November 20, 1919, was made by the plaintiff and not by the Maine corporation;

(8) Upon the record, judgment for the plaintiff properly was entered;

(9) Under the rescript, sent when the action previously was before this court, no question of damages was open.

Two ACTIONS OF CONTRACT, with declarations described in the opinion.

Writs dated August 7, 1920, and March 26, 1921.

The actions first were tried before *Lawton,* J., then a judge of the Superior Court, and came before this court upon a report by him, when a decision was rendered which is reported 256 Mass. 436.

Further proceedings in the Superior Court are described in the opinion. The motions to recommit the actions to the auditor and for judgments to be entered for the plaintiff were heard by *Bishop,* J. The motion to recommit was denied. The motions for judgment for the plaintiff were allowed. The defendants alleged exceptions.

*J. J. Kaplan,* for the defendants.

*P. N. Jones,* for the plaintiff.

RUGG, C.J.   These two actions of contract are between the same parties, were tried together, and come before us on a single bill of exceptions.   The plaintiff seeks recovery, in one action, for the purchase price of shoes under a written contract, and, in the other action, damages for failure by the defendants to take shoes under the same contract.   The controversy arises out of the circumstance that a contract in writing in the name of the Lunn and Sweet Shoe Company, a Maine corporation, was executed with the defendants on November 20, 1919, whereby the latter agreed to purchase shoes made by the corporation, which the plaintiff contends was in truth made and performed by it (a corporation organized under the laws of Delaware and succeeding by purchase on October 1, 1919, to all the assets of the Maine corporation), and that therefore it can maintain this action in its own name and behalf as the real selling party to that written contract.

The cases were first tried to a jury.   The trial judge directed a verdict for the defendant in each action.   Thereafter, upon motion of the plaintiff, new trials were had before the same judge sitting without a jury upon the evidence previously introduced at the jury trial.   Upon consideration the judge made certain findings and rulings, and "at the request of the defendants, ruled that, as the contract on which the actions are based was not made by the plaintiff with the defendants, the plaintiff could not recover on any count in either action; and because of that ruling and for that reason alone he found and ordered judgment for the defendants . . . . The cases were reported upon an agreement of the parties that, if the ruling and finding for the defendants were correct, judgment is to be entered for the defendants in each case, otherwise such orders and directions are to be made as justice may require."   The cases came before us on that report in *Lunn & Sweet Co.* v. *Wolfman,* 256 Mass. 436. It there was held that, upon the findings of fact made by the judge, a further finding would be warranted that there was a contract between plaintiff and defendants, that the

judge had erred in ruling otherwise, and that, as an issue of fact was presented whether a contract had been entered into between the parties, the plaintiff's contention that as a matter of law judgment should be entered for the plaintiff on the findings could not be supported. The cases were remanded "to the Superior Court for the determination of the question, whether the contract was made by the plaintiff and defendants, as an issue of fact, and for the entry of such judgment as may be required by the finding." 256 Mass. at page 442. The issue thus to be determined was referred to an auditor, — by agreement of the parties the judge who first heard the case and had since retired from the bench. The reference, by agreement of the parties approved by the court, provided that the findings of fact by the auditor should be final. The order further stated that "the auditor may consider all evidence pertinent to said issue or issues which was introduced at the trial in the Superior Court before Judge Lawton."

The auditor says in his report that the case was tried before him on the official transcript of the evidence received at the former trial and upon the oral testimony of one Moran. His report briefly narrates the salient facts material under the reference and concludes with the specific finding "that the contract here in question was made by the plaintiff and the defendants." On the coming in of the report of the auditor, the plaintiff in each action filed a motion for judgment. The defendants filed a motion to recommit the auditor's report supported by affidavits. At the hearing upon these motions, the judge (1) granted the requests for rulings presented by the plaintiff and ordered judgment for the plaintiff in each case in accordance with its motion and (2) denied the defendants' motion to recommit and ruled "that upon the motion to recommit evidence and affidavits as to the testimony and evidence at the trials before the court and auditor are not competent or admissible and cannot be considered by the court," and refused to give the rulings requested by the defendants. The exceptions of the defendants bring the cases here.

The earlier decision settled in favor of the plaintiff the fundamental question, whether the evidence would support

a finding as matter of fact that the plaintiff was a party to the written contract. Having thus settled that underlying contention, that decision confined the further trial of the cases to the single sharply defined issue, whether as matter of fact the plaintiff was such party. Plainly the further trial of the cases might be so confined. *Simmons* v. *Fish,* 210 Mass. 563, 567, 568. The settlement of that issue would end the controversy. The questions of law decided when the cases were here before were no longer open to controversy, except as the parties might now ask that the decision then rendered ought to be overruled and hence reversed because wrong in law. We do not understand the defendants to argue that proposition. In any event, that contention could not be maintained. We remain content with that decision. It stands, so far as it goes, as adjudicating the rights of the parties. The doctrine of *stare decises* applies to it. It was the law of the case binding absolutely upon every tribunal and magistrate dealing with the cases, except one clothed with power to overrule it and finally declare the law to be otherwise. *Boyd* v. *Taylor,* 207 Mass. 335. *Parker* v. *American Woolen Co.* 215 Mass. 176, 181. *Taylor* v. *Pierce Brothers, Ltd.* 220 Mass. 254. *Arnold* v. *Maxwell,* 230 Mass. 441, 445. *Mabardy* v. *McHugh,* 202 Mass. 148, 152.

The stipulation embodied in the rule to the auditor that his findings of fact shall be final means precisely that. His findings of fact are final and conclusive unless tainted in some material particular by error of law. They stand upon the same footing as the verdict of a jury. *Marden* v. *Howard,* 242 Mass. 350, 355. The rulings of an auditor as to the admission and exclusion of evidence in appropriate instances may be reviewed by the court. Questions of that nature may be raised by a motion to recommit in a case like the present. *Tripp* v. *Macomber,* 187 Mass. 109. *Pettey* v. *Benoit,* 193 Mass. 233, 236. *W. R. Grace & Co.* v. *National Wholesale Grocery Co. Inc.* 251 Mass. 251. *Technical Economist Corp.* v. *Moors,* 255 Mass. 591, 598. When inquiries of fact are thus involved, the motion must be supported by affidavit. *Koch, petitioner,* 225 Mass. 148. Common Law Rule 23 of the Superior Court (1923).

The judge, in view of the posture of the cases, ruled rightly to the effect that evidence and affidavits as to the testimony and evidence at the previous trials were not competent. The cases were heard by the auditor in part upon all the evidence previously heard. That evidence had been held to be sufficient to support a finding like that made by the auditor. It would have been futile to listen to evidence already held sufficient to support the conclusion reached after an agreement by the parties sanctioned by order of the court to the effect that the findings to be made by the auditor on that very evidence and such other evidence as parties might introduce should be final. Finality would constantly recede and never be reached if such procedure were permissible. The cases relied on by the defendants, such as *Manning* v. *Boston Elevated Railway,* 187 Mass. 496, where facts must be brought to the attention of the court to display alleged errors of law, have no relevancy to the record here presented. In its essence the complaint of the defendants is that the auditor has made wrong findings of facts, not that he has been guided by erroneous rulings of law. The principles of law to govern the cases at bar were settled by the earlier decision. All that remained for further litigation was the ascertainment of a strictly defined and narrowly bounded question of fact. That was to be settled once for all by the auditor.

With these general observations, the several grounds urged by the defendants are considered in order. It is to be noted that the motion of the defendants is prefaced by the request that the "court rule with respect to each of the following paragraphs" that the report be recommitted to the auditor with directions to him to do each of the things specified. On analysis of the six paragraphs of the motion, the first three concern pure matters of fact. Those matters depend upon testimony and evidence. It is not the province of the court in an action at law in the posture of the cases at bar to review or revise findings of fact. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. The evidence is not reported, was not required to be reported, and usually is not ordered to be reported in a rule to an auditor. The very purpose of a reference to an auditor commonly is to obtain a finding of facts,

not a report of the evidence.   The affidavit in support of the motion to recommit is confined by its title as well as by its substance to paragraph 4 of the motion.   It contains nothing touching the other paragraphs.

1. The first ground stated in the defendants' motion to recommit is that the court rule that the report be sent back to the auditor to strike out the paragraph to the effect that Moran's "mistake," which at the previous trial he testified he made, "was in inadvertently neglecting to strike out the word 'Shoe' from the name in the body of the contract and carelessly putting it into the signature."   There are numerous reasons why this could not rightly have been done.   What the testimony was cannot be determined.   This paragraph states no ruling of law.   It is a mere statement of fact.   On such a matter the finding of the auditor is final.   It was not improper for the auditor to describe Moran's action as a mistake.   Whether that exact word existed in the evidence is of no consequence.   It was a fact, as is manifest from the record as a whole.   It is plain also, from the testimony quoted at length in the supporting affidavit, that Moran's action in this particular rightly might be termed a mistake. It was said by this court in 256 Mass. at page 441:   ". . . upon the testimony of Moran a finding would have been justified that an erroneous name was inserted in the contract by reason of his mistake."

2. The auditor found that "some shoes" shipped under the new contract were invoiced on invoice heads of the Maine corporation and paid by check payable to it.   The motion is that the auditor be ordered to substitute "all" for "some" in this finding.   Whether some or all were so shipped and paid for is immaterial in the light of all the other factors.   This finding of the auditor may mean, also, as matter of interpretation, in its context that some shoes were shipped and were paid for, a finding strictly accurate on the contention of the defendants, even if not as broad as they desired.   Most of what already has been said is equally applicable to this second ground.

3. The third request is that the auditor be directed to find that, because the plaintiff was a bigger corporation than the

Maine corporation, the output of its factory was enlarged and consequently the number of shoes shipped to the defendants was increased. This involved no question of law, related wholly to a matter of fact, and was not a controlling factor touching the identity of the parties to the contract. If the fact was as stated in the motion, its weight on the narrow issue referred to the auditor was wholly for him to determine. Moreover, it was said in 256 Mass. at page 439: "It is also found that if they [the defendants] had known it, they would have been as ready and willing to contract with the new corporation and accept shipments from it as with the one they supposed they were contracting with"; and at page 441: "the personality of the other contracting party was a matter of indifference to the defendants." There is nothing to this alleged ground.

4. The fourth ground for recommittal was to require the auditor to strike out the crucial finding that the contract was made by the plaintiff and the defendants. That was the issue to be found by the auditor as specified in the rule to him. That was the single matter left open for determination by the previous decision of this court. It there was held that the evidence was sufficient to support a finding that it was so made. That evidence, by the express terms of the rule to the auditor, was to be considered by him. It is stated in the report that the case was tried before the auditor upon that and other evidence. There is nothing in the affidavit in any degree meeting or controlling this consideration. It is unnecessary to review it or to summarize it further than to say that it recites some evidence which perhaps might have warranted a different finding from that made by the auditor. It by no means required a finding of an opposite nature and could not well do so in view of the way in which the case reached the auditor. In these circumstances, it is vain to argue that the finding of the auditor as made cannot stand or ought to be sent back for any purpose.

5. The fifth ground is that the auditor must report requests for rulings of law presented to him. Neither under the rule of reference to him nor under proper practice without specific direction was the auditor required to report requests for

rulings of law made to him by a party.   The primary duty of
an auditor is to find the facts.   Sometimes, in order to per-
form this primary duty and as incidental to it, he must make
rulings of law.   *Fisher* v. *Doe*, 204 Mass. 34, 40.   *Beach &
Clarridge Co.* v. *American Steam Gauge & Valve Manuf. Co.*
208 Mass. 121, 133.   Commonly, however, it is no part of
the duty of an auditor to make, or pass upon requests for,
rulings of law.   Such rulings and requests, if made, are not
strictly to be regarded as parts of the report.   *Greene* v.
*Corey*, 210 Mass. 536, 546.   This general principle has been
modified in some respects by G. L. c. 221, § 56, but those pro-
visions are not relevant to the record in the case at bar and
need not be discussed.

6. The sixth ground is that the auditor be directed to
strike out testimony set forth in the report and objected to
by the defendants and to base his report exclusively upon
the other evidence.   That refers to testimony of Moran to
the effect that, at the time of signing the contract in behalf
of the corporation, he did not notice that the name of the
Maine corporation had been used in the draft contract and
that at the time of making the contract he acted for the new
corporation.   It was held in the earlier decision in effect that
upon the facts found the identity of the corporation making
the contract may be shown and the contract enforced by that
corporation.   The corporation in truth making the contract,
whether the Maine corporation or the plaintiff, acted through
the agency of Moran.   That is not open to dispute.   The
testimony of Moran was offered, not to prove the fact of
agency but to show that he acted for the plaintiff and for no
one else.   When a man's state of mind is a matter in issue,
he may testify directly to his intention.   *Marcy* v. *Shelburne
Falls & Colrain Street Railway*, 210 Mass. 197, 199.   *Carriere*
v. *Merrick Lumber Co.* 203 Mass. 322, 327.   *Wilson* v. *Davi-
son*, 242 Mass. 237, 242.   *Marshall* v. *Williston*, 256 Mass.
147, 153.   *Freeman's Case*, 233 Mass. 287, 291.   The case
at bar is distinguishable from *Stoddard* v. *Ham*, 129 Mass.
383.   This is not an instance of attempting to bind the other
party to a contract by undisclosed purposes or secret designs.
It is a case where the identity of one of two possible persons,

each represented by the same agent, as the actual contracting party, must be ascertained from all the circumstances. One such circumstance is the intent of the agent. The case at bar, therefore, is distinguishable from *Foster* v. *Ropes*, 111 Mass. 10, 16.

It follows from this analysis that the motion of the defendants to recommit was denied rightly.

The defendants argue that the judgment ought to be entered in their favor in the face of the findings by the auditor. They rely upon the principle that, where the final conclusion of the auditor is not supported by the subsidiary facts upon which it is based, the final conclusion may be disregarded. *Blackington* v. *Johnson*, 126 Mass. 21. That principle is not applicable to the case at bar because the subsidiary facts support the final conclusion of the auditor. The Maine corporation sold all of its assets to the plaintiff on October 1, 1919. There is a further finding that "The Delaware corporation has since October 1, 1919, carried on the same business as that of the Maine corporation and at the same place, Auburn, Maine. On October 1, 1919, the directors of the Delaware corporation voted as follows: — 'To continue the business of the Lunn & Sweet Shoe Company through the acquisition and ownership of its capital stock, in the name and account of that corporation until the end of its current fiscal year, November 30, 1919.' The Maine corporation continued in existence and is still in existence." There is nothing in this fact to prevent the ultimate conclusion that the contract of November 20, 1919, was made by the plaintiff and not by the Maine corporation. Cases like *Whiting* v. *Malden & Melrose Railroad*, 202 Mass. 298, and *Salomon* v. *Salomon & Co., Ltd.* [1897] A. C. 22, upon which the defendants rely, are not inconsistent with this view or incompatible with recovery by the plaintiff. This argument of the defendants overlooks the fact that the auditor's report is based on the evidence at the former trial already adjudicated to be sufficient to permit the ultimate conclusion reached by the auditor.

The contention of the defendants that, in the second of the two actions here depending, there should be nominal damages only, is not now open. The scope of further inquiry per-

mitted under the earlier decision was whether in truth the plaintiff and the defendants contracted with each other. The question of damages was not reopened.

All of the defendants' exceptions have been considered. There was no error in the rulings made or in the refusals to rule or in the orders entered by the trial judge.

*Exceptions overruled.*