McClintic-Marshall Company *vs.* Albert Freedman.

Hampden.    November 6, 1930. — February 25, 1931.

Present: Rugg, C.J., Pierce, Carroll, Wait, & Field, JJ.

*Practice, Civil*, Auditor: findings and rulings, recommittal, hearing by judge on report. *Contract*, Construction, Building contract. *Evidence*, Extrinsic affecting writing.

It is proper procedure, after the filing of a report by an auditor who heard an action in the Superior Court under a rule requiring that his findings of fact should be final, for a party objecting to an alleged erroneous ruling of law by the auditor excluding material evidence

to move that the report be recommitted to the auditor by reason of such ruling and for a judge, who, after hearing such motion, has determined that the ruling was erroneous and prejudicial, to grant the motion and recommit the report to the auditor for reception of the evidence excluded and further findings on the subject matter to which it related.

It subsequently appearing that the auditor in the circumstances above described was unable to proceed with the hearings after recommittal, it was proper for the judge to vacate the order of recommittal and himself hear the action, accepting the findings of the auditor on all issues except that regarded by the judge as vitiated by his erroneous ruling of law, to hear evidence on that issue, and to determine the action.

A manufacturer of structural and steel work proposed in writing to one constructing a building to "furnish and erect the structural steelwork, iron stairs and iron fire escape for" the proposed building, the "Layout of steel" to be approved by the architect, "Steel framing plans to be approved by" the building inspector of the municipality and the building "to be six stories with plan measurements same as shown on Architect's plans." As originally drawn, the plans showed three sets of stairs running up through the building, but one set, as constructed, ran only from the basement to the first floor. In an action by the manufacturer against the owner of the building on the contract, the defendant contended that he should be allowed, against the stated purchase price, for the value of the omitted stairs. The plaintiff contended and offered evidence to prove that previous to the signing of the contract the plaintiff was informed by the defendant that the stairs were to be eliminated, and that consequently the figures for the contract price and the contract as signed did not include those stairs. A judge who heard the action admitted the evidence and ruled against the defendant's contention. *Held*, that

(1) The plans referred to in the contract were not intended to be the sole guide in determining what work was to be done;

(2) The evidence related to a separate and collateral matter as to which the contract was silent, tended to explain ambiguous parts of the contract, and rightly was admitted.

CONTRACT. Writ dated March 17, 1927.

Proceedings relating to the auditor's report and before *Qua*, J., are described in the opinion. There was a finding for the plaintiff in the sum of $17,232.17. The defendant alleged exceptions.

The case was submitted on briefs.

*A. A. Tyler*, for the defendant.

*J. P. Kirby*, for the plaintiff.

RUGG, C.J. This is an action to recover the balance due upon a contract to furnish and erect certain structural and

other steel on a building. The contract price was $20,800 upon which $6,000 has been paid. Claims were made for extras by the plaintiff and for a small sum in recoupment by the defendant, which are not now in controversy. The contract appears to have been in part at least in writing and was in the form of a proposal by the plaintiff accepted by the defendant. It was a proposal to " furnish and erect the structural steelwork, iron stairs and iron fire escape for " the proposed building of the defendant. The " Layout of steel " was to be approved by the architect and " Steel framing plans [were] to be approved by " the building inspector of Springfield, " Building to be six stories with plan measurements same as shown on Architect's plans." The case was referred to an auditor whose findings of fact were to be final. At the hearing before the auditor it was found that the contract was made in February, 1926, and it was agreed that, if all the material thereby called for was furnished and erected, the fair value of the same would be the contract price and " the auditor found that the plaintiff was entitled to recover the sum of $14,800, the unpaid balance," which finding is not now disputed by the defendant. The plans for the building were filed with the building commissioner late in 1925. As originally drawn they showed three sets of stairs running up through the building, one of these was in the rear leading upward from a Turkish bath room in the basement; it was put in only from the basement to the first floor and all above were omitted; plans put in evidence by the defendant showed that changes were made in the rear and a room added on each floor in place of these stairs. These exceptions relate chiefly to the omitted stairs. At the hearing before the auditor the defendant contended that he should be allowed in recoupment for these stairs and testified that they were included in the original plans, and that it was not until the April or May after the contract was signed that he decided to omit the stairs and so informed the plaintiff. The plaintiff contended and offered evidence tending to prove that prior to the signing of the contract the plaintiff was in-

formed by the defendant that the stairs were to be eliminated, and that consequently the figures for the contract price and the contract as signed did not include those stairs. On objection by the defendant, this testimony was excluded on the ground that it would vary the terms of the written contract. To this ruling the plaintiff objected and the objection and ruling were stated in the report of the auditor. The auditor found that the stairs were included in the contract and made finding of amount due accordingly.

Upon the filing of the auditor's report the plaintiff moved to recommit the report to the auditor. This motion was granted on the ground that the ruling of law just stated was regarded by the court as erroneous.

This procedure was correct. The agreement that the findings made by the auditor were to be final related only to the facts found. It did not relate to his rulings of law. He was not made referee or arbitrator and his views about law were not above review. Cases like *Palmer* v. *Clark,* 106 Mass. 373, 389, *Hanley* v. *Aetna Ins. Co.* 215 Mass. 425, 428, 429, *Clark* v. *New England Telephone & Telegraph Co.* 229 Mass. 1, 10, and *Charlton* v. *Library Bureau,* 260 Mass. 1, 7, are not relevant. The auditor was appointed under G. L. c. 221, § 56, which makes explicit provision for review and correction of his erroneous rulings of law. The practice on this branch of the case was in precise conformity to that established by the decisions. *Fisher* v. *Doe,* 204 Mass. 34, 39. *Lunn & Sweet Co.* v. *Wolfman,* 268 Mass. 345, 349.

It subsequently appeared that the auditor was unable to proceed with any hearings and the order to recommit was vacated after hearing and the case directed to stand for hearing before the court on the single issue, whether the defendant was entitled to recover in recoupment the amount found by the auditor because the stairs were included in the contract. This too was correct practice. The report of the auditor was accepted in every part except that vitiated by what was regarded by the trial judge as an erroneous ruling of law. It was his duty to

correct that. *Jones* v. *Stevens,* 5 Met. 373, 377. *Fisher* v. *Doe,* 204 Mass. 34, 39. *Beach & Clarridge Co.* v. *American Steam Gauge & Valve Manuf. Co.* 208 Mass. 121, 133. *Greene* v. *Corey,* 210 Mass. 536, 546. The issue remaining to be determined was narrow. It was well within the power of the trial judge to refuse to send the case to a new auditor unfamiliar with the case and to try that issue himself. G. L. c. 221, §§ 56, 59. *Technical Economist Corp.* v. *Moors,* 255 Mass. 591, 598.

The defendant did not proceed under Rule 30 of the Common Law Rules of the Superior Court (1923) and did not seek to have any issue framed. See *Wheeler* v. *Tarullo,* 237 Mass. 306, 309.

The trial judge heard evidence on the issue stated. His findings of fact and analysis of the contract in the light of the testimony are concisely stated in these words: "The written proposal does not say that the building is to be erected in accordance with the architect's plans, but only that it is 'to be six stories with plan measurements same as shown on architect's plans.' This is guarded language, and as the evidence shows, was inserted in the proposal for the very reason that the work which it was understood the plaintiff was to perform differed in certain particulars from that shown on the plans then in existence. This language was not intended and should not be construed to make these plans the sole guide in determining what work should be done, but was intended and should be construed only as indicating that the plan measurements for the work which was orally agreed upon should correspond with the measurements shown on the architect's plans. No doubt, in using this language, the plaintiff had principally in mind the external dimensions of the building. These architect's plans were not final plans from which it would be possible to construct the steel work. Further detailed steel framing plans were required. The plaintiff expected to make these further plans, and did make them after the contract was signed. The proposal itself refers to the layout of steel 'to be approved' by the architect and to the steel framing plans to be ap-

proved by the building inspector. The parol evidence, which I heard at length, shows and I find that the defendant had abandoned all intention of including these stairs in the building, and had so informed both the architect and the plaintiff, before the plaintiff's bid was made. Neither party understood that the stairs were in the contract. Both parties understood they were omitted. The contract did not include them."

The evidence was rightly received. It related to a separate and collateral matter as to which the contract was silent and tended to explain ambiguous parts of the contract. It was competent as showing the circumstances of the parties at the time the contract was made, and had a tendency to indicate what was intended by the words used. It is apparent from the findings that the parties did not intend to embody the whole of their contract in the writing. *Durkin* v. *Cobleigh,* 156 Mass. 108. *Wood* v. *Blanchard,* 212 Mass. 53, 55. *Glackin* v. *Bennett,* 226 Mass. 316, 319. *Sermuks* v. *Automatic Aluminum Heel Co.* 256 Mass. 478, 484. *Williams* v. *Pittsfield Lime & Stone Co.* 258 Mass. 65, 68, and cases cited. The case at bar is distinguishable in essential aspects from *Germain* v. *Berlin, ante,* 354.

It is unnecessary to consider whether the further finding was warranted to the effect that the defendant had waived any requirement that the plaintiff build the stairs.

*Exceptions overruled.*