## KNOX *v.* EXCHANGE BANK.

1. A party to an action who has received his discharge in bankruptcy pending the action has no further interest in the suit, and therefore cannot bring a writ of error to a judgment rendered against him before receiving such discharge.
2. The assignee of the bankrupt is the proper party to bring error in such case.
3. This court cannot entertain jurisdiction of a case from a State court, because the *judgment* of that court impairs or fails to give effect to a contract.
4. The judgment must give effect to some State statute, or State constitution, which impairs the obligation of a contract, or is alleged to do so by the plaintiff in error, or the case for review here does not arise.
5. It is not sufficient in such case that the party in his pleading or the counsel in argument assailed such statute on that ground. And it must appear that the State court rested its judgment on the validity of the statute, either expressly or by necessary intendments.
6. Hence, if the judgment of the court would have been the same without the aid of the special statutory provisions assailed by the plaintiff in error, there is no case for review in this court.

Two separate matters here reported arose upon a motion to dismiss a writ of error to the Supreme Court of Appeals of Virginia. The case was thus:

The Exchange Bank of Virginia was, by its charter, authorized to issue notes of circulation, which were made a valid tender to the bank in payment of any debt due to it. After the war of the rebellion was over a law was passed, February 12th, 1866, authorizing the insolvent banks of the State to make general assignments for the benefit of their creditors. The Exchange Bank, being in that condition, made such an assignment, and the assignee sued Knox & Brothers, and also J. S. Knox, upon a negotiable note. The pleas were *nil debet*, tender and offset, and these were the issues. In the progress of the case the defendants brought into court and tendered notes of the bank sufficient to cover the debt, interest, and costs to that date, which they pleaded in payment.

The Court of Appeals of Virginia, in the judgment which the present writ was designed to bring before this court,

held that this could not be done, and gave judgment accordingly. From that judgment the case was brought here under an assumption that it was within the 25th section of the Judiciary Act, which provides that a final judgment of the highest court of a State, "where is drawn in question the validity of *a statute* . . . . of any State on the ground of its being repugnant to the Constitution of the United States, and the decision is in favor of such, its validity may be re-examined and reversed" in this court.

*Mr. Claughton, for the defendant in error,* in April, 1871, moved to dismiss the case as not within the section; *Messrs. Brent and Wattles, contra,* opposed the motion, on the ground that the original provision in the charter of the bank making its notes receivable for debts due to it was a contract; and that under the case of *Furman* v. *Nichol** in this court, that contract had been impaired. They inferred that the case thus did come within the section. The conclusion of the court below, they argued, could have been reached only in one of two ways: 1st, on an assumption that the provision in the charter which made the notes a tender in payment of debts due it, made no contract, or else—and this was what the counsel suggested as more probable—that the act of February, 1866, authorizing the general assignment, had been construed as repealing the provision of the charter; and that, in either view, a statute was drawn in question, and construed adversely to the objection of unconstitutionality set up. It was in vain to say, they argued, that it was not the validity of the act of the 12th of February that was complained of by the plaintiffs, but the construction placed upon it by the State court. That was the exact argument made use of in *Bridge Proprietors* v. *Hoboken Company,*† where, on p. 144, the court say:

"If this *construction* is one which violates the plaintiff's contract, and is the one on which the defendants are acting, it is clear that the plaintiffs have no relief except in this court, and

---

* 8 Wallace, 44.　　　　　　† 1 Wallace, 144.

that this court will not be discharging its duty to see that no State legislature shall pass a law impairing the obligation of a contract. unless it takes jurisdiction of such cases."

To the same effect was the opinion of this court in *Furman* v. *Nichol.*

After this argument, however, on examining the record, to see if the motion to dismiss the case as not within the 25th section was well made, the court observed that in the same entry which recorded the judgment of the Court of Appeals against the defendants in the case, it was recited that they produced in court their certificates of discharge by a court of bankruptcy, obtained after the suit which this court was now considering, was instituted; and that thereupon the Court of Appeals received such certificates, and made an order that no execution should issue on the judgment without a previous order of the court to that effect, made after reasonable notice to them to appear and show cause against it.

Without, therefore, passing on the grounds taken by Mr. Claughton for the dismissal, the court dismissed the writ on other ground, the ground, namely, that the plaintiffs in error had no interest in the matter in suit, and were not proper parties. to bring a writ of error to this court. Mr. Justice MILLER, in behalf of the court, delivering its opinion thus: ·

"1. It is clear that the plaintiffs in error have no interest in the suit. They are by law discharged from the judgment. If it be said that they are subject to be brought in by notice, and have an execution issued against them, we answer that the record shows that they are not now liable, and if such a judgment should be rendered against them, it is from that judgment, and not the present one, which is not final, that the writ of error should be taken.

" 2. It is quite clear that the assignee in bankruptcy of the plaintiffs in error is the proper party to bring the writ of error, and he alone can do it. He would not be bound by the decision against the bankrupts in this court, nor would the defendant in error be prevented from filing his claim against the assignee in bankruptcy.

" The case of *Herndon* v. *Howard,*\* settles this question.
" For *these* reasons the writ of error is dismissed."

This order was made last April, just before the summer recess of the court. And now, at the meeting in October, and therefore during the term, the assignee in bankruptcy came forward and made application to reinstate the case, and to be substituted for the bankrupts as plaintiffs in error. This brought up the question of his right to be so substituted, and if that was decided to exist, the question of the merits of the original motion to dismiss the case as not within the 25th section.

Mr. Justice MILLER delivered the opinion of the court.

In the case of *Herndon* v. *Howard,* it was decided that the proper course when a party to a writ of error had been declared bankrupt and an assignee duly appointed, was for the assignee in bankruptcy to make application to reinstate it and to be substituted for the bankrupt as plaintiff in error. The application, here, being made during the term, while the matter is still within our control, we see no objection to the substitution asked for, if the case is one which ought to be reinstated.

The motion on which the writ of error was dismissed last spring was based on the allegation that no question is found in the record which would give this court jurisdiction to review the judgment of the State court. As it would be useless to set aside the order of dismissal merely to try that question again, on which the parties were fully heard, we must now inquire if that objection is well taken.

It is now argued by the plaintiff in error that the original provision in the charter of the bank making its notes receivable for debts due to it was a contract; and that the obligation of that contract has been impaired. We have decided in the case of *Furman* v. *Nichol,* that such a law does constitute a contract, which attaches to the notes in the hands of any one to whom they may come, and we agree that if the

---

\* 9 Wallace, 664.

trustee of the bank is to be considered as occupying, for the purposes of this suit, the place of the bank, that the judgment of the Court of Appeals was erroneous.

But we are not authorized by the Judiciary Act to review the judgments of the State courts, because their judgments refuse to give effect to valid contracts, or because those judgments, in their effect, impair the obligation of contracts. If we did, every case decided in a State court could be brought here, when the party setting up a contract alleged that the court had taken a different view of its obligation to that which he held. As this court said in *Railroad Company* v. *Rock*,* it must be the constitution, or statute, of the State which impairs the obligation of a contract, or the case does not come within our jurisdiction.

What statute of Virginia is supposed to affect unfavorably the contract under which these notes were issued?

It is rather insinuated than fully declared, that the court gave such effect to the act of February, 1866, under which the bank made its assignment. But nothing in the record shows that the court based its judgment on any such proposition. Nor is there anything in that statute which by any possibility can be said to impair the force given to those notes by the charter of the bank. The latter statute merely authorized, in general terms, the insolvent banks to make assignments of all their effects for the benefit of all their creditors. This is a right which they probably had before. But whether they did or not the statute contains no expression from which the intent to affect the value of the notes of the bank as payment for its debts can be inferred.

In the case of *Nichol* v. *Furman* the State of Tennessee passed a law by which the notes of the bank receivable by its charter for taxes were no longer to be so received; and this court held that this latter statute impaired the obligation of the contract found in the charter. But there it was the statute which worked the injury and it was the judgment of

---

* 4 Wallace, 181; see also Railroad Company v. McClure, 10 Wallace, 511.

the State court holding the statute valid which gave this court jurisdiction.

So in the case of *Bridge Proprietors v. Hoboken Company.* The legislature of New Jersey had passed a law authorizing the company to erect a railroad bridge at a certain point where the complainants alleged that they had an exclusive privilege for bridging the stream under a statute passed many years before. If the first statute gave this exclusive right it was clear that the second statute impaired that right, and so impaired the obligation of the contract. This we held to be a proper subject of inquiry by this court. But in the present case there can be no pretence that the statute which authorized the assignment by the bank impaired the obligation of the contract to receive its notes for its debts, nor does the right or claim of the trustee to refuse the notes in payment rest on this statute, or on any construction given to it by the court.

We are of opinion that nothing in the record before us shows jurisdiction in this court, and the motion to reinstate is, for this reason,

OVERRULED.