MARIA D. SANFORD, Respondent, *v.* WILLIAM A. SANFORD, Appellant.

Where a judgment debtor pending an appeal by him is declared a bankrupt, and the judgment is thereafter affirmed by the General Term, with costs, he has a sufficient interest in the judgment of affirmance to sustain an appeal therefrom by him to this court.

*It seems*, that, prior to his discharge, a bankrupt has a sufficient interest in preventing the establishment of a claim against him to sustain an appeal by him from a judgment thereon, where his assignee does not seek to intervene and be substituted.

THIS was a motion to dismiss an appeal. The grounds of the application and the facts appear in the opinion.

*Sawyer & Russell* for motion.

*E. C. James* opposed.

Rapallo, J.   After the recovery of judgment in this case and an appeal to the General Term, the defendant was declared a bankrupt on his own application.   The plaintiff, nevertheless, with notice of that fact, proceeded to the argument of the appeal at General Term, and obtained a judgment of affirmance and for the costs of the appeal. From that judgment the defendant appeals to this court. The plaintiff moves to dismiss this appeal, on the ground that it can only be prosecuted by the assignee in bankruptcy, and cites the case of *Herndon* v. *Howard* (9 Wal., 664), as a controlling authority.

Giving to the decision in that case the largest effect which can legitimately be claimed for it, it amounts only to this : That in an appeal from a judgment against an adjudged bankrupt the assignee in bankruptcy may, if he see fit, intervene and be substituted for the bankrupt.   Where the bankrupt is seeking to maintain a right to property, which right, if existing, has passed to the assignee, the latter is the proper party to prosecute the action or appeal.   When the bankrupt is seeking to prevent the establishment of a claim against himself, the assignee, in the interest of creditors, may well be allowed to intervene in order to exclude claims which, if established, might be entitled to dividends.   But, in the latter case, the bankrupt also certainly has an interest sufficient to entitle him to maintain an appeal.   He may never obtain a discharge and then the erroneous judgment will be a charge upon him.   But, in the present case, the bankrupt has a direct and exclusive interest to a certain extent.   The judgment of affirmance appealed from contains also a judgment against the bankrupt for the costs of the appeal incurred after the bankruptcy.   These costs would not be provable against the bankrupt's estate and his liability therefor would, consequently, not be affected by the discharge should he obtain one, and as to the recovery for these costs the assignee has no interest.   The bankrupt therefore having a sufficient interest to sustain an appeal, and the assignee not asking to be substituted, but for aught that appears, being

content with the action of the bankrupt in protection of the interests which they both represent, we do not perceive any ground upon which the other party is entitled to ask that the appeal be dismissed.

All concur.

Motion denied.