Argued October 29, decided December 9, 1913.

# KNAUFF v. HIGHLAND DEVELOPMENT CO.*
## (136 Pac. 846.)

**Master and Servant—Injuries to Servant—Proximate Cause.**

1. An allegation that a miner's injury was received by reason of defendant's failure to timber a stope in the mine is not sustained where the rock which rolled over and hurt plaintiff had fallen from the hanging-wall between two stopes long before the accident, and it was in changing the position of some of the rock which had so fallen that the injury occurred.

> [As to doctrine of proximate cause, see note in 36 Am. St. Rep. 807. As to duty of mine owner to employees, see note in 87 Am. St. Rep. 557. As to liability to employee injured by falling of roof of mine, see note in Ann. Cas. 1912B, 577.]

**Master and Servant—Injuries to Servant—Pleading.**

2. Where a mass of rock and ore had fallen from a hanging-wall in a mine, an allegation that defendant's foreman directed the plaintiff and another workman to remove the ore and leave the waste, including the large rock which rolled over and injured plaintiff, was insufficient, in the absence of allegation and proof of the specific negligence, to charge defendant with liability for the injury.

**Master and Servant—Injuries to Servant—Pleading.**

3. In an action for injuries to a miner, if it was negligence for defendant to leave waste rock which had fallen in a stope of the mine, the plaintiff must allege and prove it.

**Master and Servant—Injuries to Servant—Evidence.**

4. In an action for injuries to a servant, evidence *held* insufficient to show negligence of the employer.

From Baker: GUSTAV ANDERSON, Judge.

This is an action by H. A. Knauff against the Highland Development Company, a corporation, for damages for a personal injury. From a judgment in favor of plaintiff, defendant appeals.    REVERSED.

For appellant there was a brief over the names of *Messrs. Clifford & Correll* and *Mr. H. H. Clifford,* with an oral argument by *Mr. Morton D. Clifford.*

*As to the duty of owner of mine to servants of person engaged in mining, generally, see note in 46 L. R. A. 72.    REPORTER.

For respondent there was a brief over the names of *Mr. A. A. Smith, Mr. John L. Rand* and *Mr. William H. Packwood,* with an oral argument by *Mr. Smith.*

En Banc.   MR. JUSTICE EAKIN delivered the opinion of the court.

Plaintiff was an experienced miner, and had been stoping. · Aside from breaking down ore, it was his duty to timber his work according to his best judgment. Another workman, Herr, had been stoping a little farther east from the plaintiff. When plaintiff quit work on the evening of the 25th of October, 1912, he had just broken through into the stope of Herr, and when he returned next morning he found that a large mass of earth, rock, ore and ledge matter, about ten feet in length, had broken loose from the hanging-wall, and settled down onto the foot-wall, among which was a large rock or chunk of ore extending above the fallen mass.   Dunstan, the defendant's foreman, told Morello, another workman, to take out the best of the ore, and to leave as much of the waste as possible.   As stated in plaintiff's brief: "After inspecting the rock, he [Dunstan] gave orders that it should not be removed, but should stay with the waste, and left in the position it then was." Thus it appears that the waste was to be left in the stope, and that the rock which caused the injury was classed as waste.   Plaintiff says he "was picking out the ore on the foot-wall when this rock rolled out of there * * and tipped off. * * Morello was standing behind me, * * and I was picking in the foot-wall to get this ore out, * * and Morello * * could see, and he says, 'Look out!' and I sprang back, and the next thing I knew I felt a pain in my foot. * * The top of this big rock struck it as it came down." Morello says of the accident: "He [plaintiff] was picking, and I was behind him three or four feet shoveling this ore in the chute, and he found a chunk right in front

where he was picking, a big chunk.    He [it] was back two or three feet wide, three feet wide and about two feet high, * * and not very much thick, and he tried to pick his rock underneath. * * I saw the way he picked his rock it would have a chance to roll over, and I say, 'Knauff, you take much chance of that rock rolling on you'; and so I watch about five minutes. * * This rock rolled over, and, after he rolled this rock, this rock fell down, and then he said, 'I got my foot hurt.' "

1, 2. Plaintiff first alleges that the injury was received by reason of defendant's failure and neglect to timber the stope, by reason of which the injury was received.    It is not necessary to notice this allegation further than to say that absence of the timbering was not the proximate cause of the injury, as the rock had fallen from the hanging-wall long before the injury complained of.    Again, it is alleged that Dunstan, as foreman, directed plaintiff and Morello not to remove said large rock from its then position, and to leave all waste matter, including the rock, in the stope, and that plaintiff followed the directions of Dunstan in taking out the milling ore from the stope and leaving the waste therein, in consequence of which the said rock fell and struck plaintiff, causing the injury.

3. It is neither alleged in the complaint nor shown in the proof of what the specific negligence of the defendant of which plaintiff complains consisted.    If plaintiff means to charge or prove that it was negligence for Dunstan to leave the waste matter in the stope, it is not so alleged nor proved.    If it was defendant's duty to remove the waste matter from the stope, or if it was carelessness to leave it in the stope, it should be alleged and proved.    We may understand from the complaint and evidence that it was not necessary or proper to remove the waste, but that the vacant stope was the proper place for it.    Dunstan was not present when the injury was received, he had given no

specific instructions as to the manner of handling the waste or the rock in question, and there appears to have been no occasion for special instructions. In his work that day it seems that plaintiff thought he should have help. He says, "I didn't want a man to work in there alone, and he [Dunstan] called Charley [Morello] down, and gave him directions how to handle this ground." But the only directions he gave were, "He simply suggested taking out the best of the ore and leaving as much of the waste as we could." All plaintiff asked the foreman to do was to furnish an extra man, and this was all that appeared to be necessary or proper for defendant to do.

4. There is nothing in the complaint or the evidence tending to show a neglect by the defendant of any duty it owed to the plaintiff, without which there could have been no recovery. The court erred in denying the motion of the defendant that the court instruct the jury to return a verdict in favor of the defendant, which should have been granted.

The judgment is reversed, and the cause remanded to the trial court for such further proceedings as may be proper and not inconsistent with this opinion.

REVERSED.