### In re LOMBARDY INN CO., Inc.

(District Court, D. Massachusetts. December, 1919.)

Bankruptcy ⬗391(3)—Referee may temporarily enjoin action of ejectment by landlord of bankrupt.

   A referee *held* to have properly made an order temporarily enjoining prosecution of an action of ejectment previously commenced by the landlord to recover possession of premises in possession of bankrupt and in which it was conducting its business when the petition in bankruptcy was filed.

In Bankruptcy. In the matter of the Lombardy Inn Company, Incorporated, bankrupt. On review of order of referee, temporarily enjoining prosecution of ejectment in state court. Affirmed.

The following is the opinion of Referee Olmstead:

This was a petition to review an order entered by me on this 12th day of December, appointing Augustus T. Beatey, Esq., receiver of said estate, to-

gether with authority to carry on the business. Immediately after said appointment, while Mr. Richard W. Hale, counsel for the landlord, Mr. Samuel D. Elmore, counsel for the debtor corporation, and Mr. Francis R. Mullen, counsel for creditors, were present, a petition was presented by Mr. Beatey, the receiver, requesting that the landlord be enjoined from interfering with the court's custody and the prosecution of a suit of ejectment in the municipal court of the city of Boston. The counsel for the landlord contended that his client did not have actual possession of the premises, but only a "right of possession." I find as a fact that at the time the petition in bankruptcy was filed the Lombardy Inn Company, Incorporated, was actually in possession of the premises and conducting the business, that the custody of the business, according to the rule laid down in Mueller v. Nugent, 184 U. S. 1, 14, 22 Sup. Ct. 269, 46 L. Ed. 405, 7 Am. Bankr. Rep. 224, passed into the possession of the court, and that the debtor's business is now held and maintained by the receiver as the officer of the court.

In order, therefore, that the court's custody and possession might not be interfered with I ordered the receiver, in accordance with section 11b of the Bankruptcy Act (Comp. St. § 9595) to appear in the suit pending in the state court and defend the interests of the estate, and in order to protect those interests and preserve the court's custody I entered a temporary restraining order in accordance with the practice heretofore followed and the doctrine laid down in Chambers, Calder & Co. (D. C. R. I.) 3 Am. Bankr. Rep. 537, 98 Fed. 865, 867. See In re Crawford, Plummer Co. (D. C. Mass.) 42 Am. Bankr. Rep. 92, 253 Fed. 76, affirmed as Gardner v. Gleason (C. C. A. 1st Cir.) 43 Am. Bankr. Rep. 644, 259 Fed. 755, 170 C. C. A. 555.

While the referee, under General Order 12, subd. 3 (89 Fed. vii, 32 C. C. A. xvi) may not "enjoin any court or officer of the United States or of a state," the practice in this district, following the instructions of Hon. Francis C. Lowell, has been to enjoin the parties where necessary. In re Roger Brown & Co. (C. C. A. 8th Cir.) 28 Am. Bankr. Rep. 336, 196 Fed. 758, 762, 116 C. C. A. 386; In re Dana (C. C. A. 8th Cir.) 21 Am. Bankr. Rep. 683, 167 Fed. 529, 93 C. C. A. 238. The petition for review states that "there is an error of law apparent on the record in that the referee interferes with jurisdiction already taken of the subject matter by the municipal court prior to adjudication." My answer to this contention is that no state court, although proceedings for ejectment were pending, has acquired any actual possession of the premises, and that the District Court's actual possession and custody of the bankrupt's premises attached as of the filing of the petition in bankruptcy. Fairbanks Shovel Co. v. Wills, 240 U. S. 642, 649, 36 Sup. Ct. 466, 60 L. Ed. 841, 36 Am. Bankr. Rep. 754. And the said question, together with the pleadings, is certified to the judge for his opinion thereon.

Francis R. Mullin, of Boston, Mass., for receiver.

Hale & Dorr, of Boston, Mass. (Richard W. Hale, of Boston, Mass.), for petitioner for review.

MORTON, District Judge. At the time when the receiver in bankruptcy was appointed he found the bankrupt still in possession of the premises, claiming to hold under a written lease. The lessor, alleging a breach of condition, had already instituted ejectment proceedings in the state court. The learned referee temporarily enjoined the prosecution of these proceedings to give the receiver time to turn around. The premises are a hotel of some 30 rooms and a restaurant having a substantial business of its own.

In holding that the receiver should not be immediately turned into the street, but should have an opportunity to look things over and decide whether or not to defend the ejectment case and try to retain the lease for the benefit of the estate, and in staying the ejectment

proceedings for that purpose, it seems to me that the learned referee was right. Under the circumstances a high degree of diligence will be required of the receiver; and after a reasonable time has elapsed the lessor can move to vacate the restraining order.

Order of referee affirmed.