FRANK L. ROBERTS *vs.* SARAH E. FOGG.

Suffolk.     January 11, 1923. — March 2, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Jurisdiction.   Bankruptcy.   Practice, Civil,* Arrest of judgment.

After the commencement of an action of contract in the Superior Court, the plaintiff was adjudicated a bankrupt on his voluntary petition in which he listed the claim among his assets. In the bankruptcy proceedings the appraisers estimated the claim as "worthless," and the trustee, after a hearing, reported it as "of doubtful value." The trustee did not intervene in the action in the Superior Court, the bankruptcy of the plaintiff was not mentioned in the pleadings, and, after the trustee's final account was allowed and he was discharged of his trust and the bankrupt was discharged, the action was tried and the plaintiff procured a verdict. The defendant moved in arrest of judgment because of the bankruptcy proceedings. The motion was denied and the defendant appealed. *Held,* that

(1) The mere facts that the cause of action became vested in the trustee by the adjudication in bankruptcy, and that this would have prevented a recovery by the present plaintiff if properly set up in defence, was not enough to deprive the Superior Court of jurisdiction as a matter of law;

(2) The bankruptcy of the plaintiff existed before verdict, and could have been pleaded;

(3) The court having jurisdiction of the cause of action and of the parties, and the alleged cause for the motion having existed before the verdict, the motion properly was denied under G. L. c. 231, § 136.

CONTRACT.   Writ dated January 13, 1914 [1915?].

The defendant's answer in no place mentioned the bankruptcy proceedings described in the opinion.

Proceedings in the Superior Court after a verdict for the plaintiff in the sum of $4,051.22 are described in the opinion. The motion in arrest of judgment was heard by *Sisk,* J., and was denied.   The defendant appealed.

*J. H. Duffy,* for the defendant.

*John Jackson Walsh,* for the plaintiff.

DE COURCY, J.   The plaintiff sued to recover the cash and the value of an automobile, which he had turned over to the defendant on account of the purchase price of certain real estate. The writ apparently was issued on January 13, 1915, instead of 1914, as stated therein, for it was entered in court on February 1, 1915.

There was a verdict for the plaintiff on February 10, 1922. On February 13, 1922, the defendant filed a "motion to set aside verdict" because of newly discovered evidence, and further because the plaintiff Roberts was adjudicated a bankrupt in May, 1915, and a trustee duly appointed. This motion was overruled April 6, 1922. The defendant also on said February 13 (according to the docket entries), filed a "motion to set aside verdict for want of jurisdiction." The grounds alleged were, in substance, that after the entry of action the plaintiff filed a voluntary petition in bankruptcy; that one Lewis was appointed trustee May 25, 1915; that the title to the claim against Sarah E. Fogg vested in said Lewis trustee; and that Lewis had not sold the claim to Roberts or otherwise divested himself of said title. Annexed to the motion was a copy of the record in the bankruptcy court. This disclosed that the claim of Roberts against Sarah E. Fogg, for breach of a contract to convey land, was listed in the bankrupt's schedule of property; that it was estimated as "worthless" by the appraisers; that the trustee, after an examination of the bankrupt, reported that the claim in suit was "of doubtful value;" that the trustee's final account was allowed, and he was discharged of his trust, in 1917, or early in 1918. This motion to set aside the verdict also was overruled on April 6, 1922. There was no appeal from the denial of said two motions. On April 13, 1922, the defendant filed a "motion in arrest of judgment." The reasons therein alleged were identical with those set out in said "motion to set aside verdict for want of jurisdiction" of February 13. It was not clear from the record that the bankruptcy record was annexed to this motion. After a hearing, the motion was denied on May 15, 1922. The appeal of the defendant from the order denying this motion is all that is before us for consideration.

As expressly provided by G. L. c. 231, § 136, "A judgment shall not be arrested for a cause existing before the verdict or finding, unless such cause affects the jurisdiction of the court." And when the appeal is in a common law action, the absence of jurisdiction must be apparent on the record in order to avail the defendant. This appeal might well be disposed of by saying that the allegations of fact contained in the motion do not appear to have been supported by any evidence. *Fay* v. *Upton,* 153 Mass.

6. But even assuming that a copy of the proceedings in the bankruptcy court was annexed to the motion, no error of law appears on the face of the present record. When Lewis was appointed trustee he had a choice of at least three courses with regard to the pending action of Roberts against Sarah E. Fogg: he could assume the prosecution of the action, with the approval of the court of bankruptcy, under bankruptcy act 1898, § 11 c; he could consent to its continued prosecution by the bankrupt, for his, the trustee's benefit, *Reed* v. *Paul*, 131 Mass. 129, *Thatcher* v. *Rockwell*, 105 U. S. 467; or, although vested with the plaintiff's rights, he could decline to prosecute the action because likely to involve the estate in the expense of fruitless litigation. *Greenall* v. *Hersum*, 220 Mass. 278. See *First National Bank of Jacksboro* v. *Lasater*, 196 U. S. 115. The mere fact that the cause of action became vested in the trustee by the adjudication in bankruptcy, and that this would have prevented a recovery by the present plaintiff if properly set up in defence, *Atwood* v. *Bailey*, 184 Mass. 133, was not enough to deprive the Superior Court of jurisdiction, as matter of law. That court had jurisdiction of the parties, and so far as the record disclosed it retained jurisdiction of the subject matter. The bankruptcy of the plaintiff existed before verdict, and could have been pleaded. *Fisher* v. *Doe*, 204 Mass. 34. As was said in *Lane* v. *Holcomb*, 182 Mass. 360, 361, "When a suit, properly brought, is pending in a State court, proceedings in bankruptcy introduced new conditions which may give the defendant a complete defence. But they leave the case to be disposed of by the State court in the exercise of its jurisdiction." See also *Sawyer* v. *Boston*, 144 Mass. 470; *Commonwealth* v. *Brown*, 150 Mass. 334, 341; *McManus* v. *Thing*, 208 Mass. 55; Black on Bankruptcy (3 ed.), § 197.

*Order denying motion in arrest of judgment affirmed.*