## Carroll v. Hannon, Appellant.

*Bankruptcy—Appeal by bankrupt in case in state court—Intervention of trustee—Permission of state court—Appeals—Practice—Bankruptcy Act July 1, 1898, 30 Stat. 543.*

1. The adjudication of bankruptcy does not necessarily abate proceedings against a bankrupt in state courts.

2. An appeal may be prosecuted in a state court in the name of the bankrupt after adjudication, but before his discharge.

3. Where a bankrupt places a judgment in a state court in his list of debts, and thereafter appeals from it, the state appellate court will permit the trustee in bankruptcy to intervene in the appeal without any affirmative evidence of authority from the federal court which appointed him.

4. It seems that a trustee in bankruptcy may, under section 11 (b), of the Bankruptcy Act of July 1, 1898, 30 Stat. 543, and section 70 (a) of the act, without leave, defend any suit pending against the bankrupt, and, further, if the trustee for any reason does not undertake a defense, the bankruptcy court may of its own motion order him to do so.

Motion to quash appeal No. 8, Jan. T., 1927.

Petition of trustee in bankruptcy to intervene.

PER CURIAM, January 31, 1927:

This is an action of ejectment, wherein plaintiff obtained a verdict, for the property described in the writ and $10,000 mesne profits, on which judgment was entered against defendant. The latter filed his appeal in this court February 13, 1926, and a writ issued the same day, returnable the first Monday of February, 1927. On August 26, 1926, defendant filed a voluntary petition in bankruptcy, listing the judgment here appealed from as one of his debts. He was adjudged a bankrupt on August 30, 1926, and one Wade was appointed his trustee. January 5, 1927, appellee moved to dismiss defendant's appeal, on the ground that, on account of his bankruptcy, he had no further interest in the case. January 18th, a petition was presented asking that Wade, the trustee, be substituted. Both the motion to dismiss and the petition for substitution are now before us.

Section 11 (b) of the Bankruptcy Act, July 1, 1898, 30 Stat. 543, 549, provides: "The [proper federal] court may order the trustee to enter his appearance and defend any pending suit against the bankrupt." But, since, under section 70 (a) of the act, title to the property of the

bankrupt is vested in the trustee, whose duty it becomes to protect the estate, it would seem that section 11 (b) should be interpreted to mean that the trustee may, without leave, defend any suit pending against the bankrupt, and, further, if the trustee, for any reason, does not undertake a defense, the court may of its own motion order him to do so. Such an order appears to have been made as of course in the case of In re Lombardy Inn Co., Inc., 266 Fed. 394, and we find no authority really opposed to this interpretation of the act, though Collier on Bankruptcy (13th ed.) p. 420, says that, if the trustee decides to intervene, he should secure the approval of the bankruptcy court.

Three authorities are cited by Collier to support his view that the trustee ought to obtain leave of court before intervening in the defense of a suit against the bankrupt. The first of these, Hahlo v. Cole, 112 N. Y. App. Div. 636, 98 N. Y. Supp. 1049, is a case where a New York Appellate Division decided that the better practice was to require the trustee to show his authority to intervene; but there the bankrupt was a party plaintiff, and this situation is covered by section 11 (c) of the act, providing that "A trustee may, with the approval of the court, be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him." Clearly, the language of this section is different from section 11 (b), previously quoted. In Kessler v. Herklotz, 132 App. Div. 278, 117 N. Y. Supp. 45, again the bankrupt partners were plaintiffs. In the third case, Drew v. Fort Payne Co., 186 Ala. 285, 65 So. 71, 72, the opinion writer did say, however, that "it seems necessary, under the practice in the bankruptcy court, that a trustee be given the consent of such courts to intervene in a state court in a cause therein pending against the bankrupt." As authority for this statement, the opinion cites Collier on Bankruptcy (8th ed.) pp. 221, 222; then the Drew Case itself is used to

support the same statement in the thirteenth edition of Collier. It will be noticed that the words above quoted do not present an actual holding by the Alabama court; for the question at issue in the case where they appear was, whether a consent decree in the bankruptcy court, permitting the trustee to defend, had the effect of making him, ipso facto, a party to the suit in the state court. It was held that it did not, and that the right of the trustee to intervene must be determined under the practice and rules of the state court. See also Bank of Commerce v. Elliott, 109 Wis. 648, 85 N. W. 417; Nat. Dis. Co. v. Seidel, 103 Wis. 489, 79 N. W. 744; 7 C. J. 145-6 (section 240); Collier on Bankruptcy (13th ed.) p. 421.

The only other case cited to us (and our researches have disclosed no more), wherein the question now before us was considered, is The Alert (Malloch v. Adams), 199 Fed. 542, and this also falls under section 11 (c); there a trustee appointed by a federal court in one district sought to intervene in a suit pending in another district. Nothing appeared in the record to indicate whether or not permission of the bankruptcy court had been obtained; but the trial tribunal, although it evidently considered this approval necessary, assumed that the trustee's acts were authorized and granted his petition.

In the present case, appellee contends that the trustee should not be substituted as defendant, because it nowhere appears affirmatively that he has received permission of the bankruptcy court to intervene. We think such permission is not required; but let us assume for the moment that the trustee's duty to the bankruptcy court requires him to obtain its leave before taking any action in a state court. Does this mean that the present application should be refused because it does not affirmatively appear that the trustee received permission from the bankruptcy court to present such petition? We rule to the contrary; for it seems to us entirely consistent with the language of section 11 (b) of the Bankruptcy

Act to permit the trustee to intervene in this appeal without any affirmative evidence of authority from the federal court which appointed him.

Moreover, in this case the right of the bankrupt to prosecute the appeal in his own name is not gone. The adjudication of bankruptcy does not necessarily abate pending suits against a bankrupt in state courts: In re: Vadner, 259 Fed. 614, 636-7. Of course, where the bankrupt has received a discharge which is a bar to the claim against him, he has no further interest, and any right of appeal is exclusively in the trustee: Knox v. Exchange Bank, 12 Wall. 379, 382. True, in Herndon v. Howard, 9 Wall. 664, it was held that the proper procedure was for the assignee (trustee under the present act) to be substituted, but what was said in that case must be taken in connection with the matter there under consideration, which was an application by the assignee to be substituted. The true rule appears to be that an appeal may be prosecuted in the name of the bankrupt after adjudication but before his discharge: Thatcher v. Rockwell, 105 U. S. 467, 469; Sanford v. Sanford, 58 N. Y. 67. See also Hill v. Harding, 131 U. S. (Appendix) cc; Stockwell v. Silloway, 100 Mass. 287; Roberts v. Fogg, 244 Mass. 310, 138 N. E. 333; Schoonmaker v. Pittsburgh Contracting Co., 161 N. Y. Supp. 186.

Finally, in Bennett v. Bennett, 23 Ky. L. Rep. 1281, 65 S. W. 12, it was held that appellant, by filing a voluntary petition in bankruptcy, and having himself adjudicated a bankrupt, after perfecting his appeal, did not waive his rights as appellant, although he, as did the present defendant, placed the judgment appealed from in his list of debts; this case is directly in point here, and answers appellee's contention that the listing of the present judgment renders this case moot. See also Rice v. Olin, 79 Pa. 391, 397.

The motion to dismiss the appeal is refused, and the petition of the trustee to intervene is granted.