Argued March 13; reversed November 12, 1930

# LEAVITT *v.* STAMP ET AL.
### (293 P. 414)

192

*J. W. McCulloch* of Portland for appellant Esther Stamp.

*Warren E. Thomas* and *Frank S. Senn,* both of Portland (Senn & Recken of Portland on the brief), for appellant William House.

*Elton Watkins* of Portland for respondent.

BEAN, J. Defendants contend that the negligence alleged in the pleadings was not the proximate cause of the injury; that according to plaintiff's testimony, the ironing board would not have fallen and the acci-

dent would not have happened but for the act of a third person in knocking it off the hook; that the act of this third person was an intervening cause, and that the testimony does not show the acts of defendants were the proximate cause of the injury.

The fact that the ironing board hung at different dates on a hook behind the door, in the place from which it is alleged to have fallen, shows that under ordinary circumstances there was no danger of the ironing board falling and that the real cause of the ironing board falling from the hook was the intervening act of the boy Harold.

"Negligence consists in: 1. A legal duty to use care; 2. A breach of that duty; 3. The absence of distinct intention to produce the precise damage, if any, which actually follows.

"With this negligence, in order to sustain a civil action, there must occur: 1. Damage to the plaintiff; 2. A natural and continuous sequence, uninterruptedly connecting the breach of duty with the damage, as cause and effect." 1 Sherman & Redfield, (6th Ed.) § 5; see also *Chambers v. Everding & Farrell,* 71 Or. 521, 532 (136 P. 885, 143 P. 616).

■■ It is the duty of the employer to use reasonable care to provide a reasonable safe place for his employees to work. It must be conceded that the place where plaintiff worked and necessarily opened the kitchen door was reasonably safe, at least until the kitchen door was slammed open by the boy and the ironing board left standing behind the door. It is essential for the plaintiff, in order for her to recover, to show prima facie that the defendants or one of them were guilty of negligence and that this negligence was the proximate cause of the injury: *Brown v. O.-W.*

*R. & N. Co.,* 63 Or. 396 (128 P. 38). In the latter case, referring to proximate cause, the court said:

"Proximate cause is such cause as would probably lead to injury and which has been shown to have led to it. It need not appear from the evidence that the injuries complained of resulted instantly and immediately from the negligence. The law regards the one as the proximate cause of the other without regard to the lapse of time where no other cause intervenes or comes between the negligence charged and the injuries received to contribute to it. There must be nothing to break the casual connection between the alleged negligence and the injuries." See also *Washington v. Baltimore, etc., R. Co.,* 17 W. Va. 196; *Stone v. Boston & A. R. Co.,* 171 Mass. 536 (51 N. E. 1, 41 L. R. A. 794).

3–7. In regard to an intervening, efficient, proximate cause, in such cases it may be stated that a prior and remote cause cannot be made the basis of an action for negligence, if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated and efficient cause of the injury, even though such injury would not have happened but for such condition or occasion. If no danger existed in the condition, except because of the independent cause, such condition was not the proximate cause: 45 C. J. 931, § 491. There is no wrong attributable to the act complained of. The testimony of plaintiff shows that but for the intervening act of the boy Harold in causing the ironing board to fall from the hook, for which defendants are not alleged to be responsible and which act was not alleged in the complaint as a basis for plaintiff's recovery, the injury would not have happened. An injury that is a natural and probable consequence of an act of negligence is

actionable and such an act is the proximate cause of the injury. However, an injury which could not have been foreseen nor reasonably anticipated as the probable result of an act of negligence is not actionable. The testimony of plaintiff does not indicate that the injury complained of could have been foreseen or reasonably anticipated by defendants as the probable result of hanging the ironing board behind the kitchen door: *Chambers v. Everding & Farrell,* supra; *Cole v. German S. & L. Society,* 124 Fed. 113, 115 (59 C. C. A. 595, 63 L. R. A. 416). The negligence must be proven as averred in the complaint. The testimony must correspond to the allegations of the complaint: *Knahtla v. O. S. L. R. Co.,* 21 Or. 136 (27 P. 91).

■ In the present case the charge of negligence and the narration of the accident do not correspond with each other. The mere occurrence of the injury furnishes no cause of action. Under the rule of evidence corresponding with the allegations it is incumbent upon the plaintiff not only to establish the happening of the accident as alleged but also that it happened on account of the negligence alleged in the complaint: *Holmberg v. Jacobs,* 77 Or. 246 (150 P. 284, Ann. Cas. 1917D, 490).

■ The evidence shows that the plaintiff had worked at this place off and on for about five years; that she had hung this ironing board on this hook "dozens of times"; that on the occasion complained of she went to the second floor of the building and obtained the ironing board from a closet where it was safely stored and after using the same placed it behind the kitchen door. The plaintiff had no idea at that time that hanging the ironing board in the manner we have described, behind the kitchen door, was a negligent act and she

could not reasonably apprehend that an accident would happen by reason thereof; neither could the defendants. It does not appear that the defendants knew in regard to where the ironing board was placed, except as it might be inferred from having been placed there for a portion of the time on different occasions. It appears that plaintiff was familiar with all the conditions, and in the use of so simple a device as a padded ironing board of the size described, in a house where plaintiff was at work and familiar with the premises, we think she assumed the risk, if any there was, of being injured by its falling. There was no defect in the ironing board: *Scott v. O. R. & N. Co.,* 14 Or. 211 (13 P. 98); *Wagner v. Portland,* 40 Or. 389 (60 P. 985, 67 P. 300); *Dryden v. Pelton-Armstrong Co.,* 53 Or. 418 (101 P. 190); *O'Neill v. Odd Fellows Home,* 89 Or. 382 (174 P. 148).

■ The defendants were not insurers of their employee against all accidents. In *Brown v. Oregon Lumber Co.,* 24 Or. 315, as shown at page 317 (33 P. 557), Chief Justice Lord used the following language:

"The general rule of law is that a servant assumes all the risks ordinarily incident to his employment, and also all additional or unusual risks which he may knowingly and voluntarily undertake. It is one of the implied conditiions of every contract for employment that the servant is competent to discharge the duties for which he is employed: Wood, Master and Servant, 166. In accepting service, he not only assumes the risks reasonably to be anticipated as incident to it, but he also assumes that he has the capacity to understand the nature and extent of such service, and has the requisite ability to perform it."

The testimony in regard to the defendant House having anything to do with the operation of the sanita-

rium is, to say the least, very meager. He termed it "conducting the sanitarium" as he sent his patients to this institution, but under our view of the testimony it is unnecessary to consider this question.

■ We repeat, plaintiff's own testimony shows the boy Harold, a patient at the hospital, knocked the ironing board off the hook and while it was leaning against the door plaintiff attempted to close the same and it fell, striking her; that this act of the boy was an intervening, efficient cause, for which defendants are not liable: *Merriam v. Hamilton,* 64 Or. 476 (130 P. 406); *Knauff v. Highland Development Co.,* 68 Or. 93 (136 P. 846); *Hills v. Shaw,* 69 Or. 460 (137 P. 229).

The evidence does not support the allegations of the complaint. The motion of defendants for nonsuit should have been granted.

Judgment of the circuit court is reversed and the action dismissed.

COSHOW, C. J., and BROWN, J., concur.

BELT, J., concurs in the result.