Motion to dismiss appeal denied May 16; submitted on briefs
June 6; affirmed June 27, 1933

# FAHLSTROM *v.* DENK

(21 P. (2d) 1093, 23 P. (2d) 325)

*Senn & Recken,* of Portland, for appellant.

*Hesse & Franciscovich,* of Astoria, for respondent.

ROSSMAN, J. This cause is before us upon a motion to dismiss the appeal. October 5, 1932, the plaintiff, as guardian for a minor, obtained a judgment for $2,000 against William Denk in an action based upon charges that a negligent act of Denk had inflicted a personal injury upon the plaintiff's ward. December 2, 1932, Denk filed a notice of appeal and an undertaking. January 7, 1933, he filed in this court an abstract of the record of the cause in the circuit court, and on January 23, 1933, a brief. March 4, 1933, respondent (plaintiff below) filed in this court a motion wherein he moved "for an order substituting Emil

Schwab, the duly appointed, qualified and acting trustee in bankruptcy of William Denk, for the defendant and appellant herein, the said Emil Schwab having been appointed as such trustee in bankruptcy of defendant-appellant on the 24th day of January, 1933, and the within appeal judgment being one of the liabilities listed by said defendant-appellant William Denk in his said bankruptcy schedules. * * *'' The motion was allowed. April 8, 1933, respondent moved for an order to dismiss the appeal. Accompanying the motion was a copy of an order made by the referee in bankruptcy which, after reciting that Schwab had petitioned for his discharge as trustee, proceeded: ''It appearing that there are no assets in said estate which might be applied to the payment of any claims against said estate, now, therefore, without notice, no adverse party being represented, it is hereby ordered, that the said Emil Schwab, trustee of said estate, and his bondsmen, be and hereby are discharged * * * and that said estate be closed''. The motion to dismiss the appeal was predicated upon the above proof of Schwab's discharge as trustee, and upon a contention based thereon that he ''therefore has no further right, authority or interest to continue the prosecution of the within appeal, and hence that the within appeal merely involves academic questions and that the affirmance or reversal of the judgment involved in the within appeal cannot possibly affect said bankrupt''.

Section 7-502, Oregon Code 1930, provides: ''Any party to a judgment or decree other than a judgment or decree given by confession, or for want of an answer, may appeal therefrom''. Section 1-311, Oregon Code 1930, provides: ''No action shall abate by the death, marriage, or other disability of a party, or by

the transfer of any interest therein, if the cause of action survive or continue. In the case of the death, marriage, or other disability of a party, the court may, at any time within one year thereafter, on motion, allow the action to be continued by or against his personal representatives or successors in interest''.

■ Where statutes grant to a party to a judgment the privilege of an appeal the courts generally hold that a judgment debtor who has been adjudged a bankrupt, but who has not yet received a discharge, has a sufficient interest in the judgment that he may prosecute an appeal. *O'Neil v. Dougherty,* 46 Cal. 575; *Woods v. Berry,* 111 Cal. App. 675 (296 P. 332); *Sanford v. Sanford,* 58 N. Y. 67 (17 Am. Rep. 206); *Schoonmaker v. Pittsburg Contracting Co.,* 161 N. Y. Sup. 186; *Carroll v. Hammon,* 288 Pa. 320 (136 Atl. 212); *Bennett v. Bennett,* 23 Ky. L. Rep. 1281 (65 S. W. 12). See also *Francis v. Burnett,* 84 Ky. 23. A sound reason which sustains these decisions is thus succinctly expressed by Mr. Justice Rapallo in *Sanford v. Sanford,* supra: ''He may never obtain a discharge and then the erroneous judgment will be a charge upon him''. However, it has been held that a bankrupt who has been discharged from liability upon the judgment by an order of the bankruptcy court cannot prosecute an appeal. *Knox v. Exchange Bank,* 12 Wall. 379 (20 L. Ed. 287); *Kelly v. Israel,* 11 Paige (N. Y.) 147; *Jones v. Barnes,* 107 Miss. 800 (66 So. 212); *Wilson v. McMullen,* 4 Ky. L. Rep. 895.

■ The trustee in bankruptcy also has a sufficient interest so that he may prosecute an appeal or take command over one already instituted by the bankrupt. We quote from 30 U. S. Stat. at Large, p. 549, § 11C: ''A trustee may, with the approval of the court, be per-

mitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication with like force and effect as though it had been commenced by him". (See also Collier on Bankruptcy (13th Ed.) p. 394). For applications of this statute to situations similar to the one before us see *Knox v. Exchange Bank,* supra; *Jenkins v. Greenbaum,* 95 Ill. 11; *Roberts v. Fogg,* 244 Mass. 310 (138 N. E. 333). We need not concern ourselves with any possible conflict between the right of the trustee and the bankrupt because the latter has manifested no interest in this appeal.

This is not a motion to substitute a party, but to dismiss the appeal. It will be observed that the argument presented by the respondent in behalf of the motion "that the affirmance or reversal of the judgment involved in the within appeal can not possibly affect said bankrupt" is a mistaken one. The motion to dismiss will be denied.

BELT and KELLY, JJ., concur.

BEAN, J., concurs in the result.

RAND, C. J., did not participate.

———

BAILEY, J. (specially concurring). I fully concur in the opinion of the majority of the court, in so far as it affects the issue before us, to wit: whether or. not the appeal should be dismissed prior to discharge of the bankrupt.

I do not, however, concur in incorporating in said opinion a statement concerning what has been held as to the right of a bankrupt, who has been discharged, to prosecute an appeal. That question is not now before us. Moreover, the court does not state whether or not it approves of the holdings in the cases cited, as

to the right of a discharged bankrupt to prosecute an appeal. It might be inferred, from what is said in the opinion, that in the event the bankrupt herein is discharged, the appeal should be dismissed; otherwise, what possible application could such a statement have to the case now before us? What is said as to the holding of other courts on this subject is, in my opinion, *obiter dictum,* and can but cause confusion and possible embarrassment in the future.

CAMPBELL, J., concurs in this opinion.

---

Submitted on briefs June 6; affirmed June 27, 1933

## ON THE MERITS
### (23 P. (2d) 325)

*Senn & Recken,* of Portland, for appellant.
*Hesse & Franciscovich,* of Astoria, for respondent.

CAMPBELL, J. Plaintiff, a minor under the age of 14 years, was a pupil attending school in school district No. 28 in Clatsop county, Oregon. Defendant for some time had been operating an automobile transporting plaintiff and other children to and from said school. On November 24, 1931, defendant transported

plaintiff and other children to the schoolhouse and parked his automobile off the pavement and upon the walk leading from the pavement on the highway to the schoolhouse and left it standing there while he entered the schoolhouse to confer with the teacher. On this particular morning and for two or three days prior thereto, the weather had been cold and the ground and sidewalks covered with frost. The school building is located about 100 feet from, and at some considerable elevation above, the highway. The approach to the schoolhouse from the highway consists of three planks about 12 inches wide laid side by side on a moderately ascending grade connecting with a wooden stairway rising at an elevation of about 15 degrees which stairway connects with a rising cleated cement ramp and which connects with a small platform from which stairs lead to the schoolhouse door. On the morning in question and for two or three days prior thereto, the children used this approach as a sort of toboggan slide on which they coasted down on coasting sleds.

On that morning, plaintiff, upon leaving the automobile, went up the incline approach to the schoolhouse where he left his lunch, then got on a sled with two other boys and proceeded to coast down. It appears that shortly after the sled had started on its way, its speed was accelerated by another boy giving it a push. As the sled approached the bottom, the boy on front, observing that it was about to collide with the automobile, attempted to steer it so as to avoid such a collision but was unsuccessful. The sled struck the automobile and threw the plaintiff against it with considerable force and violence resulting in the fracture of the bones in his right forearm causing him pain and suffering.

It is alleged that defendant was negligent in parking his bus or automobile upon the plank walk leading toward the schoolhouse, with the knowledge that the children were using said approach in the manner described above, but notwithstanding that there were other places where he could safely park his automobile he permitted it to remain parked on the pathway.

The defendant pleads contributory negligence, in that the plaintiff had been previously told not to slide down said walk; that the automobile was in plain sight; that plaintiff did not use his senses and faculties to avoid running into said automobile.

The cause was tried to a jury which returned a verdict in favor of plaintiff. Defendant appeals.

Assignment of error No. 1.: The court erred in limiting the cross-examination of plaintiff as to whether or not the teacher had instructed him the day before the accident not to slide down this hill.

Assignment of error No. 2.: The court erred in refusing to allow defendant to state that the directors of the schoolboard informed him where to park his car in letting the children off and on the bus and that he complied with the instructions.

Assignment of error No. 3.: At the close of the case, the defendant moved for a directed verdict, which motion was overruled and the court's action thereon is assigned as error.

 ██ Defendant, on cross-examination of plaintiff, after the witness had testified that on the day before the accident he had taken one of his sleds home, asked the plaintiff:

"Q. Isn't it a fact that after the teacher told you that you couldn't slide down there that you took your other sled home?"

This question was objected to by counsel for plaintiff and the objection was sustained.

Defendant set up in his answer, as contributory negligence on the part of the plaintiff, the fact that plaintiff had slid down the steps on his sled after having been instructed by the teacher not to do so. On plaintiff's direct examination, nothing was said regarding this matter and defendant attempted on cross-examination to bring out and to anticipate his own defense by the above question. No injury could possibly accrue to him by reason of the court's refusal to permit him to ask the question on cross-examination. It was defendant's special defense and he could have called the plaintiff as a witness for defendant or the teacher or any other witness to establish the same fact.

■ ■ The statement of this assignment of error is sufficient to show that no error was committed in this regard.

■. Admitting that the directors "had informed him where to park his car in letting the children off and on the bus and that he complied with the instructions of the directors". This would avail him nothing as the accident did not occur while he was letting children off or on the bus. There is nothing to show, nor does he claim that the directors instructed him to leave the bus parked on and across the approach of the schoolhouse while he was engaged in any other business.

■ ■ Defendant claims that there was no evidence showing that he had any knowledge that the school children were using the approach as a coasting slide. However, there is evidence that when the children were getting out of the car in the presence of defend-

ant there were some boys getting ready to slide down the incline and that plaintiff shouted at them to wait until he could join them and slide down with them. There was testimony that there were tracks left by the sleds plainly visible on the approach. It was a question of fact for the jury to determine whether or not, under the evidence and circumstances, defendant had knowledge of the use plaintiff and the other children were making of the approach on which he left his bus parked.

"Negligence as the term is used in the law, is a recognized ground of legal liability. Every person in the conduct of his affairs is under a legal duty to act with care and forethought; and if injury results from his failure so to do, he may be held accountable in an action at law". 20 R. C. L. 7, § 2.

■ Appellant contends that the sled had been started on its way down the incline by another boy giving it a push. But the evidence is, that after the sled had started on its way its speed was accelerated by another boy giving it a push. Just what effect this had on the accident the evidence does not disclose, but at all events it was a question for the jury to determine and it was not, as a matter of law, an efficient intervening proximate cause. *Leavitt v. Stamp,* 134 Or. 191 (293 P. 414).

■■ No complaint is made regarding the court's instructions and we must assume that they were satisfactory to appellant. It would be a question for the jury to determine whether under the circumstances, as disclosed by the evidence, parking a car upon and across and blocking an approach to a school building would or would not be negligence.

Finding no error, the judgment of the circuit court is affirmed.