CLARENCE F. GRABB, as Receiver, Respondent, *v.* JOHN NICHOLAS, as Receiver, Defendant, and ALBERT E. GILBERT, as Receiver, Respondent.

WILLIAM J. EDELL, Appellant, *v.* SHIRLEY M. EDELL, Respondent.

EVELYN M. EDELL, Respondent, *v.* WILLIAM J. EDELL, Appellant.

WALTER MACK, on Behalf of Himself and All Other Creditors of William Edell Similarly Situated, Respondent, *v.* WILLIAM EDELL, Appellant, et al., Defendants.

Fourth Department, November 14, 1956.

*Earl F. Case* for appellant.

*David M. Levy* for Clarence F. Grabb, as receiver, and another, respondents.

*Burton D. Tannenbaum* for Shirley M. Edell and another, respondents.

*Dallas Newton* for Evelyn M. Edell and another, respondents.

*Per Curiam.* The appeal is solely from the order of distribution in an accounting proceeding brought on by an order to show cause granted appellant, whose status as an interested party upon the accounting was not questioned until this appeal was taken.

In our opinion Edell was an " aggrieved party " within the meaning of section 557 of the Civil Practice Act. The test is whether the adjudication has a binding force against the rights, person or property of the party seeking to appeal. If it does

he may be found to be aggrieved by the determination. (Cf. *Ross* v. *Wigg,* 100 N. Y. 243, 246.) Here it appears that two of the claimants to whom payments were directed are former wives of Edell. Their claims were based upon accrued alimony due from him and are not dischargeable in bankruptcy. (U. S. Code. tit. 11, § 35; *Matter of Williams,* 208 N. Y. 32.) Thus, Edell has a direct and exclusive interest to a limited extent in the decree under review and as an aggrieved party is properly before this court as an appellant. (Cf. *Sanford* v. *Sanford,* 58 N. Y. 67.) The fact that heretofore and in another appeal (286 App. Div. 986) we denied Edell the right to participate in a controversy between the New York receivers and the Florida trustee is not decisive.

The order appealed from approves and confirms the accounts of the receivers of certain properties once owned by the appellant, and directs payment of commissions and disbursements to the receivers, allowances to counsel and claims of certain creditors filed in the representative creditors' action. There were no objections to the account taken or filed upon the hearing of the motion at Special Term, and we cannot now pass upon any purported objections.

Appellant's contention that the claim of Shirley M. Edell for accrued alimony should be reduced by virtue of the Florida decree of divorce obtained by him is not well taken. (See *Estin* v. *Estin,* 296 N. Y. 308, affd. 334 U. S. 541.) As to appellant's contention that the entire proceeds of the sale should be ordered paid to his trustee in bankruptcy, we deem this issue to have been foreclosed by prior judgments not before us upon this appeal. We make no attempt, however, to determine the title or right to any surplus of these proceeds, a question upon which the Special Term has not passed.

Allowances were made to counsel for appellant and for his trustee in bankruptcy, who was made a party to the accounting proceeding. These allowances are patently improper. (*Woodruff* v. *New York, Lake Erie & Western R. R. Co.,* 129 N. Y. 27.) The efforts of appellant and his trustee in bankruptcy could hardly be said to contribute to the process of procuring and protecting the fund in question, and the services rendered by their counsel were quite the opposite of being in aid of the receivers. The allowances for these services should not have been granted. It may be that counsel whose allowances are disapproved may qualify as creditors of appellant, subject to the limitations thereon imposed by the order from which this appeal is taken, but we do not pass upon this question.

As to the allowance to counsel for the receivers, although we recognize and appreciate the volume and unusual character of the services in successfully resisting the continuous and persistent opposition, we believe the allowances excessive in proportion to the fund available for distribution. The allowance to counsel for Clarence F. Grabb, receiver in the creditors' action, should be reduced to $3,500, the allowance to counsel for Albert E. Gilbert as receiver for Shirley M. Edell should be reduced to $2,500, and the allowance to counsel for Gilbert as receiver for Evelyn M. Edell should be reduced to $2,200.

With the exceptions above noted, the payments, disbursements and allowances granted by the order appealed from are approved. Because the reduction of the allowances directed hereinabove will create funds requiring disposition which has not been considered by the Special Term, the proceeding should be remanded to that court for a supplemental order not inconsistent with this opinion.

KIMBALL, J. (dissenting). I am of the opinion that the motion to dismiss the appeal of William J. Edell should be granted on the ground that he is not an aggrieved party and has no right to appeal. The order from which the appeal was taken was entered on January 23, 1956. This order settled the accounts of Albert E. Gilbert and Clarence F. Grabb, as receivers in the action of " Clarence F. Grabb, as Receiver, residing in the City of Rochester, New York, Plaintiff, vs. John Nicholas, as Receiver, residing in the City of Miami, Florida, and Albert E. Gilbert, as Receiver, residing in the City of Rochester, New York, Defendants."

The judgment in the above-entitled action was rendered on August 25, 1954. William J. Edell, the present appellant, was not a party to that action which was brought pursuant to the provisions of article 15 of the Real Property Law. The judgment in that action decreed that the title and interest of Grabb and Gilbert, the New York State receivers, was superior to the interest of Nicholas, the Florida bankruptcy receiver. The judgment ordered the New York State receivers to jointly sell the several parcels of real property, which were formerly owned by Edell, at public auction. It was further adjudged that the interest of the New York receivers " in and to the proceeds of the sale of said real property be determined by the further order of this court, which shall direct a distribution of such proceeds." William J. Edell filed a notice of appeal from the said judgment of August, 1954. We dismissed his appeal on September 21, 1955, on the ground he was not an aggrieved

party. (*Grabb* v. *Nicholas,* 286 App. Div. 986.) If he was not a person aggrieved so as to entitle him to appeal from the judgment in the action, I do not see how it may be held that he has become a person aggrieved upon a distribution of the proceeds of the sale. I think the majority opinion errs when it refers to the order appealed from as "the decree under review." The order made on January 23, 1956, merely carried out the provisions of the judgment of August 25, 1954. The order simply settled and approved the accounts of the New York receivers, as filed; fixed the commissions of the receivers; allowed and ordered paid the claims of certain creditors of William J. Edell; allowed and ordered paid past-due alimony to his two former wives and then made allowances to certain attorneys. There was nothing in the order which passed upon any rights or interest of Edell in the proceeds of the sale. The provisions of the judgment under article 15 of the Real Property Law were not changed or amended in any way. The appeal taken from the judgment by the Florida receiver had been dismissed for failure to prosecute. So that, the judgment had become final in all respects. The present order merely carried out the provisions of the judgment. The fact that the title of the order included the title of the Mack action (creditors' action) and the titles of the two matrimonial actions, adds nothing so far as giving Edell a right to appeal from the order. There was nothing before the court on the accounting of the New York State receivers which involved those actions in any way nor did the court, in its order, make disposition of anything involved in said three prior actions. It merely allowed and ordered paid certain accrued claims, including some past-due alimony and attorneys' fees. It is true that the order referred to "consolidated proceedings." There appears to have been no order which consolidated any actions or proceedings with the article 15 action in which this order was made. In fact, just what authority there would be for "consolidating" the creditors' action, in which the deeds had been set aside and the two matrimonial actions with the receiver's action is not apparent. All three of these actions had terminated in final judgments. There appears to have been no proceeding before the court to reopen or to amend such judgments, except the request of Edell to decrease the alimony in the two matrimonial actions. This request was included in the relief asked in what was called "In the Matter of the Affairs of William J. Edell." Whatever Edell's affairs may have been, the settlement of the receivers' accounts in accordance with the judgment in the article 15 action, was not one of them. He was not a party to such action and, as above stated, this court had

held he could not appeal from the judgment. Obviously, an application to amend the matrimonial decrees by a reduction of alimony would have to be made in those actions upon proper papers.

I am unable to agree with the majority that Edell is an " aggrieved party " within the meaning of section 557 of the Civil Practice Act. Under subdivision 2 of that section, a person not a party is a " person aggrieved " who is entitled to be substituted in place of a party or who since the making of the order or the rendering of the judgment, has acquired " an interest which would have entitled him to be so substituted if it had been previously acquired ". It is not pointed out what party Edell may have been entitled to be substituted for. In any case, he is not a " party " aggrieved since he has never been a party to the action. Since he has not procured an order of substitution, the appeal may not be heard and having unreasonably neglected to procure an order of substitution the appeal should be dismissed on that ground also.

What disposition would be required to be made of any surplus upon the accounting is not before us and need not be considered. The motion to dismiss the appeal should be granted.

All concur, except KIMBALL, J., who dissents and votes for dismissal of the appeal in a separate opinion.

Present — McCURN, P. J., KIMBALL, WHEELER, WILLIAMS and BASTOW, JJ.

Order modified on the law and facts in accordance with the opinion and as modified affirmed, without costs of this appeal to any party and matter remanded to Special Term for a supplemental order not inconsistent with the opinion. Motion to dismiss appeal denied.